**William Dwight O'NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46593.**

Court of Criminal Appeals of Texas.

March 7, 1973.

---

Robert F. Freeman, Midland, for appellant.

James A. Mashburn, Dist. Atty., Jerry Buckner, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by firearms. The appellant entered a plea of guilty before the court and punishment was assessed at ten years.

Appellant's sole contention is that the court erred in finding him guilty of the offense of robbery by firearms, when the court, at the conclusion of the testimony, stated that he believed that appellant was either an accomplice or an accessory.

Appellant was indicted as a principal for the offense of robbery by firearms. There is no contention that the evidence does not support the judgment and sentence finding appellant guilty of such offense. The evidence clearly shows that appellant was a principal.

Appellant's contention is directed to the following statement made by the court after the conclusion of the testimony:

"I might say, Mr. Fugit, that the court cannot—could not in good conscience consider probation for the offense in which there was an armed robbery perpetrated, even though the defendant, I believe from the other testimony, was not in the Mr. M Store. I believe he was out in the car, which by law he was either an accomplice or accessory."

The record reflects that prior to the foregoing remarks judgment was pronounced by the court. The transcription of the court reporter's notes reflects the following statement by the court at the close of testimony. "Stand up. The court will pronounce judgment of conviction." The court reporter then notes "(Thereupon the court pronounced Judgment)" without setting forth the court's pronouncement of judgment. It is not suggested that the court did not correctly pronounce judgment. The judgment in the record before us reflects that appellant was convicted of "robbery by firearms." Appellant was sentenced more than ten days later and while the court reporter does not set forth the pronouncement of sentence, the sentence in the record before us reflects that appellant "has been adjudged to be guilty of robbery by firearms." Both the judgment and sentence bear the signature of the trial judge. The indictment and evidence support the conviction reflected in the judgment and sentence.

The complained of statement by the court appears to be an explanation why the court felt appellant was not entitled to probation.

In Parsons v. State, 160 Tex.Cr.R. 387, 271 S.W.2d 643, this Court quoted from Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 158, 82 L.Ed.2d 24, wherein the United States Supreme Court said:

"In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason." See Elliott v. State, Tex.Cr.App., 475 S.W.2d

239; Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455.

The fact that the court incorrectly stated the offense for which appellant was convicted in rejecting appellant's plea for probation does not require reversal where the indictment and evidence support the judgment and sentence entered.

The judgment is affirmed.

Opinion approved by the Court.