Carl Lee CALLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 571–86.

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1988.

---

W.E. Harper, Beaumont, for appellant.

James S. McGrath, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of the offense of possession of cocaine. The jury assessed his punishment at 30 years' imprisonment.

On appeal the conviction was reversed because the trial court had denied the motion to withdraw filed by appellant's counsel based on a claim of conflict of interest. *Calloway v. State*, 700 S.W.2d 3 (Tex.App.–Beaumont 1984).

This Court granted the State's petition for discretionary review and concluded, under the circumstances presented, the trial court had not erred in denying the motion of counsel to withdraw. The judgment of the Court of Appeals was vacated and the cause was remanded to that court to consider appellant's remaining points (nee grounds) of error. *Calloway v. State*, 699 S.W.2d 824 (Tex.Cr.App.1985).

On remand, the Court of Appeals rejected all other points of error and affirmed the trial court's judgment. *Calloway v. State*, 707 S.W.2d 720 (Tex.App.–Beaumont 1986).

Thereafter the appellant filed the petition for discretionary review urging, inter alia, that the Court of Appeals erred in holding he first had to establish he had a proprietary or possessory interest in the premises searched before he had standing to complain of the search warrant, the execution of which produced the alleged contraband, and that the trial court had applied the wrong legal test to determine his standing to complain of said search warrant. These alleged errors are related to the Court of Appeals' disposition of appellant's point of error No. 18. We granted appellant's petition in this regard only to determine the correctness of the Court of Appeals' decision.

Some background is here necessary to place appellant's contentions in proper per-

spective. On June 16, 1982, some two months prior to appellant's trial on August 18 and 19, 1982, he filed a motion to suppress "all physical evidence and all statements or confessions obtained as a result of the arrest of this Defendant." The only pertinent part of the motion regarding our discussion is:

"I

"The only relevant evidence known by this Defendant to be in the possession of the State of Texas consists of a controlled substance, this item was obtained by the Officers of the Beaumont Police Department in a manner repugnant to Article 1, Section (sic) 9, 10, 19 and 29 of the Constitution of the State of Texas, and also in a manner repugnant to the 4th, 5th, 6th and 14th Amendments to the Constitution of the United States of America."

As can be seen the motion is extremely broad and does not mention a search warrant or affidavit for a search warrant.

■ After the jury was selected for the trial on the merits the trial court, in absence of the jury, heard and ruled on the motion of appellant's counsel to withdraw. The record then reflects:

"THE COURT: All right. Bill, you want to go with the standing?

"MR. HARPER: Yes, sir. Your Honor, at this time we ask the Court to suppress this evidence because—

"THE COURT: Wait, wait. You have got to show that your client has a right to complain first. *I'm not even going to hear the motion to suppress until he has satisfied me he has standing to complain.*[1]

"MR. HARPER: My client has been indicted in the case, that being the possession of a drug in a residence that he did not own, he was not named in the search warrant, was not a party to it, to the search warrant, that the search warrant did not include him. The search warrant further in its affidavit fails to

state in the probable cause, failed to state that this informant was reliable because they did not indicate that he had ever given them any credible information regarding any criminal activity. That is one of the requirements, one of the problems in the search warrant the requirement that the reliable informant give them some evidence as to criminal activity that has proven to be reliable in the past. And this search warrant does not in its affidavit reveal that to the Magistrate issuing the search warrant.

"THE COURT: What you are telling the Court, your client does not have—he was arrested there but he doesn't have a proprietary or possessory interest in the residence?

"MR. HARPER: That is right, has no proprietary nor possessory interest, did not have any clothes there, no belongings there and was only a guest in that house, invited guest.

"THE COURT: Also has no proprietary interest?

"MR. HARPER: That is right.

"THE COURT: The Court, having considered the issue of standing, the Court finds the Defendant does not have standing to complain of the search warrant, *therefore the Court will not consider the motion to suppress.*

"Further, the Court finds that as stated by Defense Counsel the Defendant does not have a proprietary or possessory interest in the premises and under Rakas vs. the United States (sic), a Supreme Court case, no issue has been brought before the Court to even allow the Defendant to contest the search warrant and issuance of the search warrant.

"MR. HARPER: Would the Court note our objections to the Court's rulings. We feel like we should have an opportunity to test the validity.

"THE COURT: I would if he had standing. But he has admitted he does not own anything, has no possessory in-

---

1. Standing should not be made a pre-condition to testing the validity of a search. See past discussion of *Rakas* in *Wilson v. State,* 692 S.W. 2d 661, 667 (Tex.Cr.App.1984) (opinion on rehearing).

terest, and you are familiar with the Supreme Court case as well as I am. You have got to show standing to complain. Now the owner of the premises can complain whenever they go to trial but not Mr. Calloway.

"MR. HARPER: It is our contention that the affidavit is insufficient for probable cause.

"THE COURT: *I am not even going to reach that issue* because I am not even going to look at the search warrant. There is no issue, he can't complain about the search warrant. He has admitted he has no interest in the premises, nothing formal to complain about it.

"MR. HARPER: *Thank you, Your Honor.*

"THE COURT: We have got about 10 minutes, then we go to trial." (Emphasis supplied.)

Appellant does not direct our attention to any portion of the record of the trial on the merits where he made any effort to object to the matter of the search, nor has he demonstrated that he was denied the opportunity to object or test the validity of the search warrant at trial after the trial court stated it would not consider the pretrial motion to suppress. Neither the search warrant nor the affidavit is in the appellate record.

On appeal the appellant urged as his ground (now point) of error No. 18 the following:

"The trial court committed reversible error by *denying* appellant's motion to suppress for lack of standing to complain for the reason that the trial court did not apply the proper legal test to determine appellant's *standing to complain*." (Emphasis supplied.)

In disposing of said contention the Court of Appeals stated:

"There is one remaining alleged ground of error. It complains of the trial court's refusal to suppress certain evidence because of the lack of standing of the Appellant to complain, arguing that the trial court did not apply the proper legal test to ascertain the Appellant's standing. We think that the

record on this point is confusing. There was a lively dialogue between the trial judge and trial attorney for the Appellant. The dialogue concerned itself, in its major thrust, with the motion to withdraw because of conflict of interest. But then we find:

(Here the Court of Appeals sets out the bulk of the colloquy between the trial court and counsel quoted above.) See 707 S.W.2d at 723.

"It is unequivocally shown, by the skeletal, bare bones record before us, that Appellant conceded he had no possessory or proprietary interest. But, on appeal, he argues that the trial court erred in refusing his right to test the validity of the search warrant because the proprietary or possessory interest test has been abandoned. Appellant says that he had a legitimate expectancy of privacy in the premises that were searched. The Appellant also argues that his Fourth Amendment rights were violated.

"Appellant relies on *Rakas v. Illinois*, 439 U.S. 128, 58 L.Ed.2d 387, 99 S.Ct. 421 (1978) and *Katz v. United States*, 389 U.S. 347, 19 L.Ed.2d 576, 88 S.Ct. 507 (1967). Arguing that, under Supreme Court law, the rights and immunities entitled to protection under the Fourth Amendment do not depend on a property interest in the place searched but, rather, whether the residence search was one in which this Appellant, under the individual facts and circumstances surrounding his presence, caused a reasonable expectation of freedom from governmental intrusion. With almost Clarence Darrow-like eloquence and zeal, Calloway concludes: 'Thus, Appellant was denied his Constitutionally guaranteed rights to freedom from unreasonable searches and seizures and to Due Process of Law.'

"But other than the statement of counsel, there was not established in the record any facts of any legitimate privacy interest in the premises searched. Defense counsel's statements, no matter how unequivocal and how sincere, did not—standing alone—state that the Ap-

pellant was a guest in the house—establish this constitutionally protected legitimate expectation of privacy. Any evidence or testimony to support his position should have developed and presented the same to us for review. This was not done. Under this record, we find that no harm was shown.

"In *McVea v. State*, 635 S.W.2d 429 (Tex.App.–San Antonio 1982, pet. ref'd), the court held, at page 434:

'Therefore, in order to be entitled to seek suppression of evidence of a crime, a defendant must establish that some personal Fourth Amendment privacy interest of his was violated by police actions involving the premises searched or the property seized.'

The Appellant has failed to establish any personal Fourth Amendment privacy interest. We overrule ground of error eighteen."

It was appellant's contention the trial court erred in "denying" the motion to suppress because it used the wrong legal test to determine standing. The Court of Appeals did not address motion to suppress procedures. The Court of Appeals, in effect, held the appellant did not sustain his burden of proof.

Grounds of review three and four found in appellant's petition for discretionary review state:

"The Court of Appeals erred in holding that appellant did not establish his Fourth Amendment right to contest the validity of the search warrant which produced the alleged contraband in appellant's conviction for possession of cocaine because the trial court applied the wrong legal test to determine appellant's standing to complain of said search warrant."

and

"The Court of Appeals erred in holding that appellant first had to establish that appellant had a propriety or possessory interest in the premises searched before appellant had standing to complain of the search warrant which produced the alleged contraband in appellant's conviction for possession of cocaine."

It is these grounds of review upon which appellant's petition was granted. It is observed that while based on the Court of Appeals' disposition of point of error No. 18 neither ground for review makes mention of the motion to suppress.

With this background we now turn to appellant's argument. Article 28.01, V.A. C.C.P., provides for pretrial hearings upon certain matters within the discretion of the court. A motion to suppress evidence is one of those matters.[2]

Article 28.01, supra, is not a mandatory statute, but is one directed to the court's discretion. *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1977); *Bell v. State*, 442 S.W.2d 716 (Tex.Cr.App.1969). See also *Swanson v. State*, 447 S.W.2d 942 (Tex.Cr.App.1969). The question of whether to hold a hearing on a pretrial motion to suppress evidence rests within the discretion of the trial court. *Bell*, supra; *Hicks v. State*, 508 S.W.2d 400 (Tex.Cr.App.1974); *Writt v. State*, 541 S.W.2d 424, 426 (Tex. Cr.App.1976). See also Tex.Jur.3rd, Vol. 24, § 2972, p. 43. The court may elect to determine the merits of a motion to suppress evidence only during the trial upon the merits when proper objection is then lodged rather than at a pretrial hearing. *Bell*, supra. Even if a pretrial motion to suppress is called to the attention of the trial court, no error is presented if the trial court, in its discretion, declines to hear the same. *Swanson v. State*, 447 S.W.2d 942, 943 (Tex.Cr.App.1969). While the court is not required to hear any pretrial motion to suppress evidence the accused retains his right to raise any appropriate objection at trial. *Writt*, supra, at 425. *Bosley v. State*, 414 S.W.2d 468 (Tex.Cr.App.1967), *cert. den.*, 389 U.S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162; *Swanson*, supra, at 943. See

---

**2.** Article 28.01, § 1(6), supra, provides:

"(6) Motions to suppress evidence—when a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court."

also *Roberts v. State,* 545 S.W.2d 157 (Tex. Cr.App.1977).

It is quite common and certainly acceptable practice for the trial court to confer with the attorneys about pretrial motions in either a formal or informal setting. These conferences often aid the judge in exercising his discretion as discussed above, often eliminate the necessity for hearing of certain motions, often narrow the issues to be determined, and result in agreement on a convenient time for the motions to be heard, etc.

■ In the instant case the court inquired of appellant's counsel whether he "wanted to go with standing?" The colloquy quoted above made clear the court would "not consider the motion to suppress." At that time this type of action was within the court's discretion, and the appellant, later at trial, made no objection to the introduction of evidence he now claims should not have been admitted. No error is presented.

If it can be argued that the trial court, despite its statement to the contrary, did in fact consider and overrule the motion to suppress, then some observations are in order. First, there is nothing to indicate the court determined the merits of the motion upon the motion itself. Normally, the allegations in a motion to suppress are not self-proving. The burden of proving those allegations were upon the appellant in this cause. In *Wilson v. State,* 692 S.W.2d 661, 667 (Tex.Cr.App.1984) (opinion on rehearing), this Court wrote:

"*Rakas* [439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)] makes it plain that the question of a defendant's reasonable expectation of privacy is an issue going to the merits of his Fourth Amendment claim. Moreover, the Court has consistently held that the defendant bears the burden of proving that he had a legitimate expectation of privacy in the premises search. *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* supra; *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Jones*

*v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)."

In the instant case the appellant offered no evidence on the "hearing" on the motion to suppress. The record reflects the statements of appellant's counsel that appellant had no possessory or proprietary interest in the premises, was a guest, had no clothes in the house, etc. References were made to a search warrant and affidavit which were not mentioned in the motion to suppress. As noted by the Court of Appeals, other than the statements of counsel, "there was not established in the record any facts of any legitimate privacy interest in the premises searched."

■ The appellant did not sustain his burden of producing evidence or his burden of proof, if in fact a "hearing" was held on the motion to suppress. The Court of Appeals did not err in according to appellant the burden of producing evidence and the burden of proof, given the circumstances of this case. The appellant failed to establish any personal Fourth Amendment privacy interest at the time of "action" by the trial court on the motion to suppress.

Appellant further urges that the trial court applied the wrong legal test to determine appellant's "standing to complain of said search warrant."

In his petition for discretionary review appellant states:

"The crucial question here is not that appellant did or did not offer evidence concerning his standing to complain of the search warrant. The crucial and overriding issue is that the trial court applied the wrong legal test to determine appellant's standing to complain...."

Appellant argues that the test the trial court applied was whether one had a proprietary or possessory interest in the premises searched, when the correct test to determine standing is whether or not one had a legitimate expectation of privacy in the premises searched citing *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Whatever interpretation may be given to the loose language of the trial court in the colloquy concerning the motion to suppress, we do find in the colloquy the

court's statement, "... the Defendant does not have a proprietary or possessory interest in the premises *and under Rakas v. United States,* (sic), a Supreme Court case, *no issue has been brought before the Court* to even allow the Defendant to contest the search warrant and issuance of the search warrant." It was certainly clear the trial court was aware of *Rakas* and called counsel's attention thereto.

*Rakas,* supra, made clear that an accused lacks standing to challenge the admission of evidence obtained in searching an area respecting which he did not have a legitimate expectation of privacy. In *Rakas,* supra, the United States Supreme Court held that Fourth Amendment rights are personal rights which may not be vicariously asserted, and that the rule of standing to raise vicarious Fourth Amendment claims should not be extended by a so-called "target" theory whereby any criminal defendant at whom a search was "directed" would have standing to contest the legality of that search and object to the admission at trial of evidence obtained as a result of the search.

The Court observed that the phrase "legitimately on the premises" coined in *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), creates "too broad a gauge" for measurement of Fourth Amendment rights.

In *Rakas,* supra, it was held that the petitioners who asserted neither a property nor a possessory interest in the automobile searched nor an interest in the property seized, and who failed to show that they had any legitimate expectation of privacy in the glove compartment or area under the seat of the car in which they were merely passengers were not entitled to challenge a search of those areas.

In *Rakas* it is interesting to note that the Supreme Court wrote:

"In abandoning 'legitimately on premises' for the doctrine we announce today, we are not forsaking a time tested and workable rule, which has produced consistent results when applied, solely for the sake of fidelity to the values underlying the Fourth Amendment. Rather, we are rejecting blind adherence to a phrase which at most has superficial clarity and which conceals underneath that thin veneer all of the problems of line drawing which must be faced in any conscientious effort to apply the Fourth Amendment. Where the factual premises for a rule are so generally prevalent that little would be lost and much would be gained by abandoning case by case analysis, we have not hesitated to do so. * * * We do not wish to be understood as saying that legitimate presence on the premises is irrelevant to one's expectations of privacy, but it cannot be deemed controlling." *Rakas,* supra, 439 U.S. at 147–148, 99 S.Ct. at 432.

In *United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), which overruled the "automatic standing" rule of *Jones v. United States,* supra, the Court observed that "While property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated, property rights are neither the beginning nor the end of ... [the] inquiry." 100 S.Ct. at 2553. In *Salvucci* the Court set out certain factors which should be considered in making the determination whether an accused has "standing" to challenge a search or seizure. These factors include: (1) whether the alleged aggrieved person has a property or possessory interest in the thing seized or the place searched; (2) whether he was legitimately on the premises; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, prior to the search, he took normal precautions customarily taken by those seeking privacy; (5) whether the property was put to some private use; and (6) whether the claim of privacy is consistent with historical notions of privacy.

We do not agree that in the colloquy the trial court clearly stated the wrong legal test. Even if it could be argued the court did, the appellant did not sustain his burden of proof under the proper test. *Wilson v. State,* supra.

■ Further, it is well established that the mere fact that a correct ruling is given

for the wrong reason will not result in a reversal. If the decision is correct on any theory of law applicable to the case it will not be disturbed. *Miles v. State,* 488 S.W. 2d 790 (Tex.Cr.App.1972). See also *Parsons v. State,* 271 S.W.2d 643 (Tex.Cr.App. 1954); *Moreno v. State,* 341 S.W.2d 455 (Tex.Cr.App.1960); *Venable v. State,* 397 S.W.2d 231 (Tex.Cr.App.1966), *cert. den.,* 384 U.S. 266, 86 S.Ct. 1477, 16 L.Ed.2d 525; *Smith v. State,* 475 S.W.2d 238 (Tex.Cr. App.1971); *O'Neal v. State,* 491 S.W.2d 130 (Tex.Cr.App.1973); 5 C.J.S., Appeal and Error, § 1464(1), PP. 654–57.

For the reasons stated, both grounds of review are overruled. The judgment of the Court of Appeals is affirmed.

MILLER, J., concurs in the result.

CLINTON, Judge, concurring.

The majority opinion quotes *Wilson v. State,* 692 S.W.2d 661, 667 (Tex.Cr.App. 1984), to the effect that *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), "makes it plain that the question of a defendant's reasonable expectation of privacy is an issue going to the merits of his Fourth Amendment claim." That being true, the judge of the trial court erroneously laid down as a precondition for hearing the motion to suppress that appellant "satisfie[s] me he has standing to complain."

The colloquy that followed demonstrates that matters such as a pretrial motion to suppress evidence are not susceptible to "hearing" by colloquy. Having been rebuffed by the statement that "the Court will not consider the motion to suppress," appellant was free to object appropriately at trial when fruits of the alleged invalid search warrant were offered in evidence, and demand hearing outside the presence of the jury. A denial at that point would strain his right to procedural due process.

Essentially, then, I agree with the Court of Appeals that "evidence or testimony to

support his position should have developed and presented the same to us for review." *Calloway v. State,* 707 S.W.2d 720, at 724 (Tex.App.—Beaumont 1986).

On that basis I join the judgment of the Court.

TEAGUE, Judge, concurring.

This Court granted appellant's petition for discretionary review in order that it might consider and review appellant's contention that the court of appeals, see *Calloway v. State,* 707 S.W.2d 720 (Tex.App. 1986), erred in overruling his eighteenth ground of error, to-wit: "The trial court committed reversible error by denying appellant's motion to suppress for lack of standing to complain for the reason that the trial court did not apply the proper legal test to determine appellant's standing to complain [about the search warrant that issued that resulted in appellant being arrested and charged with committing the offense of possession of cocaine]."

Given the state of the appellate record, my vote is to place this Court's "Refused with a disclaimer" stamp on appellant's petition for discretionary review. The majority, however, prefers to overrule appellant's contention with an opinion. Because I am unable to agree with many legal statements that are contained within the majority opinion, I can only concur in the decision to affirm the decision of the court of appeals. By this statement, however, I do not mean to imply that I agree with all of what the court of appeals stated in its opinion.

The majority opinion correctly sets out what occurred in the trial court when the trial judge called up appellant's motion to suppress for consideration; therefore, I will not repeat the colloquy that occurred between the trial judge and appellant's counsel.

In finding that appellant did not have "standing" to challenge the validity of the search warrant affidavit and search war-

the place searched, the correct legal standard in deciding whether he has "standing" to contest the search is whether he had a reasonable expectation of privacy in the area where the search occurred. See *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1984); *State v. Curbello–Rodriquez*, 351 N.W.2d 758 (1984); *United States v. Haydel*, 649 F.2d 1152, modified, 664 F.2d 84 (5th Cir.1981); and *Chapa v. State*, 729 S.W.2d 723 (Tex.Cr.App.1987). This decision is based upon, but not limited to, the factors that are set out in several of these cases.

A careful reading of the court of appeals' opinion makes it clear to me that that court correctly overruled appellant's ground of error, although apparently for the wrong reasons. In overruling appellant's ground of error, the court of appeals, either expressly or implicitly, held that the statements of appellant's counsel were not evidence. However, this Court has held that unsworn statements by trial counsel, as well as the trial judge, are sufficient to place the event in the record. See, for example, *Canada v. State*, 660 S.W.2d 528, 530 (Tex.Cr.App.1983); *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App.1975); and *Harris v. State*, 738 S.W.2d 207 (Tex.Cr.App.1986).

It is now obvious to me that the record makes it clear that appellant's counsel, in stating to the trial judge why appellant had "standing" to contest the search, failed to sufficiently articulate why appellant, as a "guest" in the residence where he was arrested, had a reasonable expectation of privacy in the area of the residence where he was arrested.

Appellant's counsel merely represented to the trial judge that appellant was a "guest" in the residence where his arrest and the search took place. His statement, without more, for Fourth Amendment purposes, was insufficient to establish that appellant had a reasonable expectation of privacy in the area where he was arrested. Although a "guest", temporary, overnight, or even permanent, in another individual's residence has historically been deemed to have a legitimate expectation of privacy in the residence, see, for example, *United States v. Haydel*, supra, and *State v. Curbello–Rodriguez*, supra, the mere fact that an individual who was arrested in another individual's residence was a "guest" in that residence does not necessarily mean that he had a reasonable expectation of privacy in the area of the residence where he was arrested. In sum, as occurred here, for Fourth Amendment purposes, merely stating that a defendant was a "guest" in another individual's residence where the defendant's arrest or the complained about search occurred does not automatically afford that person protection under the Fourth Amendment, nor does it automatically strip that person of protection under the Fourth Amendment. Because all "guests" do not have the same rights in another individual's residence, the issue whether a "guest" has standing to contest the validity of a search must therefore be determined on an ad hoc basis, which decision is based upon, but not limited to the factors that are set out in several of the above cited cases.

Contrary to the majority opinion, I find without any reservation or qualification that appellant received an adverse ruling from the trial judge on his motion to suppress when the trial judge ruled that because appellant did not have "standing", according to the trial judge's erroneous legal standard, that before appellant could have "standing" to contest the search he had to first establish that he had a proprietary or possessory interest in the residence where he was arrested, the evidence that was seized pursuant to the execution of the search warrant would not be suppressed and would be admitted into evidence during appellant's trial. Having obtained an adverse ruling on the motion to suppress, it was unnecessary for appellant to later object when the evidence that was seized was offered and admitted into evidence. See, for example, *Roberts v. State*, 545 S.W.2d 157, 158 (Tex.Cr.App.1977). Also see former Art. 40.09, 6(d)(3), V.A.C.C.P.; Rule

**654**

rant, the execution of which led to appellant's arrest, because he did not have either a proprietary or possessory interest in the residence where he was arrested, the trial judge clearly used the wrong legal standard. When a defendant challenges a search, and there is no dispute that there was a legitimate expectation of privacy in 52(b), *Rules of Appellate Procedure;* and Rule 103(a)(1), Rules of Evidence.

Notwithstanding that I have found that appellant received an adverse ruling from the trial judge on his motion to suppress, I am compelled to also find that because appellant's counsel, during his colloquy with the trial judge, failed to perfect his error, there is nothing presented for review. Counsel should have, but did not make an offer of proof that would have reflected that appellant, as a "guest" in the residence, had a reasonable expectation of privacy in the area of the residence where he was arrested. Had counsel made a sufficient offer of proof, concerning why appellant had a reasonable expectation of privacy as a "guest", in the area of the residence where he was arrested, then I would not hesitate to hold that the trial judge erred by applying the wrong legal standard and not conducting a formal hearing on appellant's motion to suppress. In that instance, the State would have had the burden to produce the search warrant affidavit and search warrant, after which appellant would have had the burden to establish the invalidity of the search warrant affidavit. See *Miller v. State,* 736 S.W.2d 643, 648 (Tex.Cr.App.1987).

For the above and foregoing reasons, I only concur.