**AFFIRM and Opinion Filed December 9, 1999**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-99-00142-CR

---

## MICHAEL SHAUN WAKE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court No. 8
Dallas County, Texas
Trial Court Cause No. MB98-25376-J**

---

# MEMORANDUM OPINION

Before Chief Justice Thomas and Justices Bridges and Farris[1]
Opinion By Justice Farris

The issues in this appeal are two: (1) whether the trial court abused its discretion in overruling Wake's motion to suppress, and (2) the factual sufficiency of the evidence. We overrule each of Wake's points of error and affirm the judgment.

Wake's first three points of error complain the trial court erred in overruling his motion to suppress the evidence of marijuana. Specifically, Wake contends the police lacked probable cause and reasonable suspicion to enter the motel room where the marijuana was found and he was

---

[1] The Honorable David F. Farris, Former Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

arrested. We overrule all three points because Wake did not meet his burden of proving that he had a legitimate expectation of privacy in the motel room. *See Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988). There was no testimony identifying anyone present as a motel guest. By his own admission, Wake had arrived at the motel room only minutes before the police, and the room was occupied by others when he arrived.

In his factual sufficiency point of error, Wake challenges the credibility of a police officer who testified that a bag of marijuana fell from Wake's "lap area" as he stood up. Wake also contends his statement that the marijuana belonged to him was coerced by the police. Two police officers testified that they saw the marijuana fall as Wake stood and both contradicted Wake's testimony that his confession was coerced. We overrule this point because, after reviewing all of the evidence, we are unable to say that the verdict was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996). The judgment is affirmed.

DAVID F. FARRIS
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

—2—