11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Edwin
Estuardo Chavarria

Appellant

Vs.       Nos. 11-
01-00120-CR, 11-01-00121-CR, 11-01-00122-CR, & 11-01-00123-CR  B 
Appeals from Dallas County 

 

State
of Texas   

Appellee

 

Appellant pleaded guilty to four enhanced indictments which
charged him with possession with intent to deliver controlled substances as
follows:  (1) methamphetamine in an
amount of 400 grams or more (No. 11‑01‑00120‑CR); (2)
amphetamine in an amount of more than 4 grams but less than 400 grams (No.
11-01-00121-CR); (3) methamphetamine in an amount of 400 grams or more (No. 11‑01‑00122‑CR);
and (4) amphetamine in an amount of 400 grams or more (No. 11-01-00123-CR). See
TEX. HEALTH & SAFETY CODE ANN. '' 481.112 & 481.113 (Vernon Pamph.
Supp. 2002).  After a joint trial, the
jury assessed punishment of 15 years confinement in Cause No. 11‑01‑00120‑CR;
20 years and a $10,000 fine in Cause No. 11‑01‑00121‑CR; 35
years and a $25,000 fine in Cause No. 11‑01‑00122‑CR; and 15
years and a $5,000 fine in Cause No. 11‑01‑00123‑CR.  We affirm.

Issues Presented

Appellant presents two points of error.  Appellant complains in his first point that
the trial court wrongfully excluded mitigating punishment evidence of appellant=s offer to cooperate
with law enforcement officers in Amaking cases@ against other drug offenders.  Appellant complains in his second point that
the trial court wrongfully denied his constitutional right to confront and
cross- examine the State=s witness, a drug enforcement agent, about
the details of a confidential informant=s criminal history.

                                                                 Background
Facts








Drug Enforcement Administration Agent Benjamin Victor Routh
used a confidential informant, Robert Perez, to initiate three drug buys from
appellant.  All three meetings were
attended by Agent Routh, Perez, and appellant. 
During the first meeting, appellant delivered two one-half pound
packages of methamphetamine to Agent Routh in exchange for $7,000.  A week later, during the second meeting,
appellant delivered nearly two pounds of amphetamine mixed with methamphetamine
to Agent Routh in exchange for $13,120. 
Six days later, during a third meeting, appellant delivered to Agent
Routh 12 pounds, 3 ounces of amphetamine mixed with methamphetamine.  Appellant was arrested immediately after the
third delivery.

Agent Routh testified that he used confidential informants
and concerned citizens to investigate illegal drug traffic.  He further testified that most of these
individuals were paid or were cooperating to have the sentences in their own
cases reduced.  He identified Perez as
his informant in appellant=s cases. 
Agent Routh testified that Perez had been sentenced to 48 months in the
Federal Correction Institution; that he had become familiar with Perez after
Perez was sentenced; and that he had not been involved in Perez=s federal
case.  Agent Routh testified that he
offered Perez a deal in which, if Perez cooperated, Agent Routh would put in a Agood word@ with the United
States Attorney.  He identified aspects
of Perez=s cooperation
and stated that Perez was deeply connected with drug trafficking.  Agent Routh further testified that, as a
result of Perez=s cooperation,
Perez=s 48-month
sentence was reduced to 3 years probation. 

Appellant=s Offer to
Cooperate

In his first point, appellant contends that the trial court
erred in excluding his testimony about 
his offer to cooperate with Agent Routh in future cases.  As mitigating evidence, appellant wanted the
jury to know that, after he was arrested and incarcerated awaiting trial, he
offered to Amake cases@ for Agent Routh
in exchange for Agent Routh putting in a good word with the prosecutor in these
four cases, a deal similar to the one between Agent Routh and Perez.  When appellant began testifying about a
conversation he had with Agent Routh while appellant was in jail awaiting
trial, the State objected.  After a
hearing outside the jury=s presence, the trial court sustained the
State=s objection
under TEX.R.EVID. 408. 

A trial court=s decision to admit or exclude evidence is
reviewed under an abuse of discretion standard.  Burden v. State, 55 S.W.3d 608, 615 (Tex.Cr.App.2001).  An appellate court will not reverse a trial
court=s ruling unless
that ruling falls outside the zone of reasonable disagreement.  Burden v. State, supra at 615.








Although the trial court sustained the objection under Rule
408, this rule does not apply to these facts. 
Rule 408 concerns admissibility of compromise and offers to compromise
and is limited on its face to evidence which is presented to prove Athe validity for
or invalidity of [a] claim or its amount.@ 
Smith v. State, 898 S.W.2d 838, 843 (Tex.Cr.App.1995).  Rule 408 does not apply to criminal plea
negotiations.  Nothing in appellant=s offer to Amake cases@ for Agent Routh
during his attempted plea negotiation concerns the validity or invalidity of a
claim or its amount.  Rule 408 does not
apply to the plea negotiation between appellant and Agent Routh.

Nevertheless, if the trial court's decision was correct on
any theory of law applicable to the case, it will be sustained.  Smith v. State, supra at 843;  McFarland v. State, 845 S.W.2d 824, 846 n.15
(Tex.Cr.App.1992), cert. den=d, 508 U.S. 963
(1993); Romero v. State, 800 S.W.2d 539, 543 (Tex.Cr.App.1990); Calloway v.
State, 743 S.W.2d 645, 652 (Tex.Cr.App.1988).  

Under TEX. CODE CRIM. PRO. ANN. art. 37.07, ' 3(a) (Vernon
Supp. 2002), the State and the defendant may offer evidence during the
punishment phase of a trial as to Aany matter the court deems relevant to
sentencing,@ including but
not limited to the prior criminal record of the defendant, his general
reputation, or his character.  Although
the definition of Arelevant evidence@ in TEX.R.EVID. 401 is helpful in
determining what evidence is relevant under Article 37.07, section 3(a), the
definition is not a perfect fit in the punishment context.  Rogers v. State, 991 S.W.2d 263, 265
(Tex.Cr.App.1999).  Rather,
admissibility of evidence at the punishment phase of a non-capital felony
offense is a function of policy rather than relevancy.  As a matter of policy, plea negotiations are
not admissible for a number of reasons. 
Smith v. State, supra at 844.   
The trial court did not abuse its discretion in excluding appellant=s testimony
about his attempt to plea bargain with the prosecutor through Agent Routh.  Appellant=s first point is overruled.  

Limited Cross-Examination of Criminal History

Appellant complains in his second point that the trial court
abused its discretion by limiting his cross-examination of Agent Routh
concerning the details of the criminal history of Perez.  Agent Routh testified that Perez had pleaded
guilty to possession with intent to distribute methamphetamine and had received
a 48-month sentence in federal court. 
After Agent Routh told the United States Attorney about Perez=s cooperation,
Perez=s sentence was
reduced to 3 years probation. 








During cross-examination of Agent Routh, appellant attempted
to elicit details of Perez=s criminal convictions.  The State objected, and the trial court
conducted a hearing outside the jury=s presence.  Appellant wanted to establish that Perez was a major drug dealer
who possessed with intent to distribute more than 20 pounds of illegal drugs,
that Perez had been sentenced to 48 months in the Federal Correction Institute,
and that his sentence had been reduced after cooperating with Agent Routh.  Appellant wanted to use that information as
a mitigating factor in his sentencing because he had sold a smaller quantity of
drugs than Perez.  The trial court
allowed appellant to show that Perez received a probated sentence but excluded
all evidence about the details of Perez=s previous convictions. 

As stated earlier, a trial court=s decision to
admit or exclude evidence is reviewed under an abuse of discretion
standard.  Burden v. State, supra at
615.  An appellate court will not
reverse a trial court=s ruling unless that ruling falls outside the Azone of
reasonable disagreement.@ 
Article 37.07, section 3(a) allows the admission of evidence that the
trial court finds relevant to sentencing. 
The trial court determined  the
details of Perez=s offense as not
being relevant to the sentencing of appellant. 
We agree.   The penalties
imposed on Perez were based on the individualized facts of his offense.  So must appellant=s sentence be
based on the individualized facts of appellant=s cases. 
The trial court did not abuse its discretion in excluding the
evidence.  Appellant=s second point
of error is overruled.

                                                               This
Court=s Ruling

The judgments of the trial court are affirmed.

 

TERRY McCALL

JUSTICE

October 31, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.