

## NUMBER 13-12-00617-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**AGAPITO FLORES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

By two issues, appellant Agapito Flores appeals his conviction and subsequent sentence of fifteen years' imprisonment in the Texas Department of Criminal Justice—Institutional Division, pursuant to his open plea of guilty to a charge of

aggravated assault, causing serious bodily injury to another,[1] a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011).   We affirm.

## I.     BACKGROUND

The State charged Flores with aggravated assault, causing serious bodily injury to his self-described "high school [friend]" or common law wife.   *See id.*   Flores made an open plea of guilty to the trial court, upon the State's agreement that his punishment be capped at a maximum of sixteen years' confinement and that the State would drop the deadly weapon and assault against a family member enhancement paragraph.

The trial court held hearings on guilt and punishment, found Flores guilty as charged, and assessed Flores's punishment at fifteen years' imprisonment.   The sentence was to run concurrent with another unrelated criminal charge.   This appeal ensued.

## II.     CONFRONTATION CLAUSE

By his first issue, Flores asserts that the trial court violated his right to confrontation under the Sixth Amendment based upon the following statement made by the prosecutor during his punishment hearing:

| | |
|---|---|
| [STATE]: | Just for the Court's knowledge, Your Honor, I have with [sic] been in contact with the victim as I spoke with the victim several times this week to include this morning.   This morning she decided she didn't want to come and testify at the hearing.   She was definitely okay with the 16 years recommendation to the Court.   And she—if the Court needs her to come in, of course, she is accessible. |

---

[1] The State initially indicted Flores for aggravated assault causing serious bodily injury to another, enhanced by a deadly weapon finding against a family member.   *See* TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011).   However, the State later abandoned the enhancement paragraphs at the open plea hearing.

THE COURT: Anything else?

[DEFENSE COUNSEL]: Just argument, Your Honor.

## A. Preservation of Error

As a threshold matter, we must first determine whether Flores properly preserved error for review. *See Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion."). Generally, error is preserved if the record shows that (1) a specific complaint was made to the trial court by request, objection, or motion; and (2) the trial court ruled on the complaint or refused to rule and the party objected to the refusal. *See* TEX. R. APP. P. 33.1(a). To be timely, an objection must be made as soon as the basis for the objection becomes apparent. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) (en banc). Specifically, to preserve denial of a right-to-confrontation error, one must specifically object based on the Confrontation Clause. *See Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991) (en banc); *Acevedo v. State*, 255 S.W.3d 162, 173 (Tex. App.—San Antonio 2008, pet. ref'd).

Here, the record shows that Flores did not object to the complained-of statement by the prosecutor on any grounds. Accordingly, the issue is not properly preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Acevedo*, 255 S.W.3d at 173. Flores's first issue is overruled.

## III. TESTIMONY OF WITNESSES BY TELEPHONE

By his second issue, Flores asserts that the trial court abused its discretion and committed harmful error by denying Flores's motion to allow family members to appear telephonically as witnesses.

**A.      Standard of Review**

An appellate court may not disturb a trial court's evidentiary ruling absent an abuse of discretion.   *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). In other words, as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld.   *Id.*   (citing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)); *see Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim. App. 1988). This is so because "trial courts . . . are usually in the best position to make the call on whether certain evidence should be admitted or excluded." *Winegarner*, 235 S.W.3d at 790; *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

**B.      Discussion**

Flores argues that the trial court's ruling deprived him of his constitutional right to a meaningful opportunity to present a complete defense.   *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986).   We disagree. A trial court's inherent power includes broad discretion over the conduct of its proceedings.   *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003).   Here, the trial court exercised its discretion to not allow Flores's witnesses to testify by telephone and explained its reasoning behind the denial:

> The—the Court doesn't normally allow testimony over the telephone.  I require people to come in, unless arrangements have been made beforehand or the Court is aware of the motions.

We believe that the trial court properly exercised its discretion to control the conduct of its proceedings, *see id.* (recognizing that "some limits" to this "broad discretion" exist and are reserved for "extreme circumstances"), and the trial court's

4

decision to exclude Flores's witnesses' testimonies by telephone was within the zone of reasonable disagreement. *See Winegarner*, 235 S.W.3d at 790.

Even assuming that the trial court erred by not allowing the witnesses to testify by telephone, thereby denying Flores from presenting a "complete defense," we conclude that such error was harmless. *See* TEX. R. APP. P. 44.2 (noting that constitutional errors are reversible only if we determine beyond a reasonable doubt that the error contributed to the conviction or punishment). Without objection from the State, the trial court permitted Flores's trial counsel to orally summarize what the witnesses would have testified to on the record, including that Flores's daughters believed that Flores had a drinking problem which caused his legal issues, including the present charge. Because the trial court permitted Flores's counsel to make this summary on the record, and heard Flores's own testimony in which he admitted guilt and sought to take responsibility for his actions, we cannot conclude beyond a reasonable doubt that the error contributed to the punishment. *See id.* We overrule Flores's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
8th day of August, 2013.

5