In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00120-CR
_____

DERRIE DERWIN SCOTT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 25030

MEMORANDUM OPINION

A jury found Derrie Derwin Scott guilty of attempted capital murder of a peace officer, made an affirmative finding of the use of a deadly weapon, and assessed punishment at confinement for life and a $10,000 fine. The two issues Scott presents in his appeal concern the trial court's ruling on his motion to suppress evidence seized after a search of a shed and a pop-up trailer that were located on property Scott had been using without the knowledge or permission of the owner of

1

the real property. In issue one, Scott argues the trial court erred by finding that he had no expectation of privacy in the shed. In issue two, Scott argues the trial court erred by failing to suppress evidence seized through a search warrant that officers obtained based on an affidavit that described evidence observed in an unlawful intrusion of Scott's residence.

## Hearing on Motion to Suppress

Texas Ranger Steven Rayburn testified that he assisted fellow Texas Ranger Ryan Clendennen in investigating an attempted capital murder of a peace officer that occurred during a traffic stop. They obtained an arrest warrant for Scott after the peace officer identified Scott in a blind photo array. Scott also had an outstanding arrest warrant for felon in possession of a firearm. Law enforcement officials located Scott by tracking his cellphone and executed the arrest warrant while Scott was outdoors at the location of the trailer and shed. Scott told Ranger Rayburn that he had been sleeping on the ground there for approximately one week. Neighbors told Ranger Clendennen that Scott had been living at the location off and on for about one year, and police used that information to obtain a search warrant for the premises.

Ranger Clendennen testified that officers with the SWAT unit noticed several weapons in plain view when they ran a protective sweep of the property after Scott's

arrest. Ranger Clendennen met with the property owner and her son and learned they had no knowledge that Scott was occupying their property. The property was neither gated nor posted. Ranger Clendennen claimed that he personally saw illegal firearms in plain view. After obtaining the search warrant, Ranger Clendennen returned to the scene and conducted a more comprehensive search of the property and collected evidence.

The wooden shed on the property Scott had been using had exposed studs, no windows or doors, and appeared to have been used for storage. A black tarp covered the pop-up trailer located next to the shed, but the door to the trailer was open and a sawed-off shotgun could be seen from outside the trailer. Ranger Clendennen photographed potential evidence in the shed and trailer without entering them. Ranger Clendennen testified it was his understanding that Scott "was in control of the residence." Ranger Clendennen believed Scott was squatting on the owner's land because the owner did not know Scott was there, someone had improvised a source of electricity, and it appeared Scott was storing property in the shed.

Ranger Clendennen denied that they entered the residence and removed property prior to obtaining a search warrant. He stated that the photographs were probably taken before the search warrant was obtained, and all evidence collection occurred after the search warrant was issued. Ranger Clendennen explained that

3

some photographs were taken while they were collecting evidence after they obtained the search warrant.

A neighbor, Charles Dickerson, testified that Scott stayed at the property on weekends, not on a regular basis. Another neighbor, Gary Brandley, saw officers looking in the window but did not see anyone enter the shed or trailer in the morning.

On the record at the conclusion of the hearing on the motion to suppress, the trial court found that Scott had no expectation of privacy as to the shed, as it was open to the public. The trial court found that Scott had standing as to the pop-up trailer but denied the motion to suppress. The trial court did not sign written findings of fact and conclusions of law.

**Standard of Review**

We review the trial court's ruling on a motion to suppress under a bifurcated standard of review. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and when the application of law to fact turns on an evaluation of credibility and demeanor, but we review *de novo* questions of law and the trial court's application of the law to the facts of the case as to questions that do not turn on credibility and demeanor. *Id*. When there are no explicit fact findings, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light

4

most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We will sustain the trial court's ruling if the record reasonably supports that ruling and is correct on any theory of law applicable to the case. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). Whether a specific search or seizure is reasonable under the Fourth Amendment is a question of the application of law reviewed *de novo*. *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004).

**Expectation of Privacy**

"[A]n accused has standing to challenge the admission of evidence obtained by an 'unlawful' search or seizure only if he had a legitimate expectation of privacy in the place invaded." *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013) (citing *Rakas v. Illinois*, 439 U.S. 128, 139 (1978)). Because he has greater access to relevant evidence, a defendant who challenges a search has the burden of proving facts establishing a legitimate expectation of privacy. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The defendant can meet this burden by proving that, by his conduct, he exhibited an actual subjective expectation of privacy and that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable. *Id.* Relevant circumstances considered in determining whether the defendant's subjective expectation was one that society was

5

prepared to recognize as objectively reasonable include: (1) whether the defendant had a property or possessory interest in the place invaded; (2) whether he was legitimately on the premises; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, before the search, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy. *Calloway v. State*, 743 S.W.2d 645, 651 (Tex. Crim. App. 1988); *Villarreal*, 935 S.W.2d at 138.

Scott argues that Rangers Rayburn and Clendennen thought the shed was Scott's property and that no exigent circumstances existed to authorize them to enter it based solely on the arrest warrant. The evidence adduced at the hearing failed to show that Scott had a property or possessory interest in the shed, that he was legitimately on the land where the shed was located, that he had the right to exclude others from the shed, or that he took precautions customarily taken by those seeking privacy. There was some evidence that Scott had stored a speaker box in the shed, but the trial court heard evidence that supported a finding that Scott was a trespasser on the property.

An implied finding that the defendant lacked a reasonable expectation of privacy may be supported by evidence that the defendant did not have the right to

be in the place searched. *See Williams v. State*, 502 S.W.3d 254, 260 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Here, the trial court reasonably could have found that Scott was trespassing on the property and therefore, lacked a reasonable expectation of privacy in the areas of the property that he had not concealed from view by others. *See id.* Scott failed to demonstrate that he had a legitimate expectation of privacy in the place searched. We overrule issue one.

**Validity of Search Warrant**

The second issue raised in Scott's appeal challenges the legality of the means used to obtain the information described in the search warrant affidavit. He claims officers entered the pop-up trailer and the shed before the warrant issued and then used the information they obtained during the warrantless search to secure the search warrant. In the hearing on his motion to suppress, Scott argued that Ranger Clendennen took photographs from inside the trailer, but Ranger Clendennen testified that some of the photographs were taken after the search warrant issued.

We must give almost total deference to a trial court's fact findings based on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Ranger Clendennen flatly denied that he entered the trailer before the warrant was obtained. None of the other witnesses in the hearing testified that they saw officers enter the trailer when they arrived, arrested Scott, and made a

7

protective sweep of the premises. We defer to the trial court on matters of Ranger Clendennen's credibility. *See id*. Because the trial court reasonably could have concluded that Scott failed to establish that the search warrant was based upon information obtained by a warrantless entry into the trailer, we overrule issue two and affirm the trial court's judgment.

AFFIRMED.


_____
CHARLES KREGER
Justice

Submitted on July 9, 2019
Opinion Delivered September 11, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.