In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-01-00840-CR
          01-01-00841-CR
____________

JOSEPH BRYANT MILLS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 184th District Court 
Harris County, Texas
Trial Court Cause Nos. 865,651 & 865,649



O P I N I O N
          In trial court cause number 865,651, appellant pleaded guilty without an agreed
recommendation to possession of a controlled substance. In trial court cause number 
865,649, appellant pleaded guilty without an agreed recommendation to possession
of a controlled substance with intent to deliver. The trial court found appellant guilty
of both offenses and assessed punishment at three and five years, respectively. We
affirm. 
Background
          On January 9, 2001, Houston Police officers went to an apartment in southwest
Houston to execute a search warrant for crack cocaine. When they arrived, an officer
noticed that someone was attempting to climb out of a window of the apartment next
door to the one being searched. Officer Nigh Ruggeroli walked to the other
apartment to investigate and knocked on the door. When appellant answered the
door, marihuana smoke immediately emanated from the apartment. Officer Ruggeroli
drew his weapon, ordered appellant and another person to get down on the floor, and
handcuffed them. 
          Appellant signed a consent form to search the apartment, and the apartment
was searched as a result. Appellant also asked Officer Ruggeroli to get his coat
because he was cold. After appellant identified his bedroom, the officer retrieved a
coat from the closet. The officer noticed that the coat was particularly heavy;
therefore, he searched the coat to determine whether it contained any weapons. Inside
the coat pocket, the officer found a Sprite bottle containing a red liquid, which the
officer thought was codeine. Appellant told the officer that the coat belonged to him.
          A further search of the bedroom revealed a bag of marihuana in plain view on
the television console. Also in the bedroom was a fire safe containing $2,000 in cash. 
In another bedroom, the officers found a bag of marihuana and some white pills on
top of the dresser. They also found a marihuana cigarette in plain view on the living
room floor and cocaine in plain view on a plate in the kitchen. 
Motions to Suppress
          Appellant filed motions to suppress, arguing that the search of the apartment
was illegal because it was conducted without a warrant and without exigent
circumstances. On direct examination, appellant argued that he had no legal rights
to the apartment. In support, he offered into evidence the apartment lease, which
stated that the apartment was leased to Danniell Allen.


 It further listed Danniell
Allen as the occupant of the apartment. Appellant testified that his name was not on
the lease. 
          During cross-examination by the State, appellant testified that he was not a
resident of the apartment and did not sleep there. Appellant testified as follows:
Q.So, part of the reason for putting that lease agreement into
evidence is that you don’t live at the apartment, do you?
A:Yes, sir. . . . I do not live there.
Q:You don’t live there. You’re just a visitor, aren’t you?
A:Yes.
Q:So, you were just there hanging out that day; is that correct?
A:Yes.
Q:And you said it belongs to a Mr. Adams?
A:Ms. Allen. . . .
Q:Okay. And she wasn’t there at the time, was she?
A:No.
Q:Okay. Who was there at the time?
A:Me and Patrick. . . .
Q:Okay. And was he visiting also?
A:Yes, sir.
Q:Okay. So, neither one of y’all lived there, right?
A:No.
Q:Neither one of y’all spend the night there?
A:No. . . .
Q:Okay. So, you were just a casual visitor that was there at the time
of the police officers coming through the door, correct?
A:Yes.

          The State argued that appellant lacked standing to contest the search because
appellant neither lived in the apartment nor was an overnight guest. The trial court
held that appellant lacked standing and denied the motions to suppress. In his sole
point of error, appellant claims that the trial court abused its discretion in denying the
motions to suppress.
Standard of Review
          We review a trial court’s ruling on a motion to suppress under an abuse of
discretion standard. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 
At the hearing on the motion, the trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Id. We afford almost total
deference to the trial court’s determination of historical facts that the record supports,
especially when the fact findings are based on an evaluation of the witnesses’
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). 
StandingAppellant argues that he had standing to contest the search. An accused has
standing to challenge the admission of evidence obtained by a governmental intrusion
only if he had a legitimate expectation of privacy in the place invaded. Rakas v.
Illinois, 439 U.S. 128, 143, 99 S. Ct. 421, 430 (1978); Richardson v. State, 865
S.W.2d 944, 948-49 (Tex. Crim. App. 1993). The accused, because he has greater
access to the relevant evidence, has the burden of proving facts establishing a
legitimate expectation of privacy. Calloway v. State, 743 S.W.2d 645, 650 (Tex.
Crim. App. 1988). To carry this burden, the accused must normally prove that: (1)
by his conduct, he exhibited an actual subjective expectation of privacy, i.e., a
genuine intention to preserve something as private; and (2) circumstances existed
under which society was prepared to recognize his subjective expectation as
objectively reasonable. Smith v. Maryland, 442 U.S. 735, 740, 99 S. Ct. 2577, 2580,
(1979); Richardson, 865 S.W.2d at 948-49. The following are relevant to the court’s
determination of whether the accused’s subjective expectation was one that society
was prepared to recognize as objectively reasonable: (1) whether the accused had a
property or possessory interest in the place invaded; (2) whether he was legitimately
in the place invaded; (3) whether he had complete dominion or control and the right
to exclude others; (4) whether, before the intrusion, he took normal precautions
customarily taken by those seeking privacy; (5) whether he put the place to some
private use; and (6) whether his claim of privacy is consistent with historical notions
of privacy. Calloway, 743 S.W.2d at 651.
          In Minnesota v. Olson, the United States Supreme Court recognized that an
overnight guest has a legitimate expectation of privacy in his host’s home. 495 U.S.
91, 98, 110 S. Ct. 1684 (1990). In Villarreal v. State, the Court of Criminal Appeals
held that a non-overnight guest did not have standing to challenge search of
residence. 935 S.W.2d 134 (Tex. Crim. App. 1996). In Villarreal, there was no
evidence that the defendant had a property or possessory interest in, or unrestricted
access to, the residence. Id. Nor was there any evidence that the defendant had
dominion or control over the residence, or the right to exclude others. Id. Nor was
there any evidence that he intended to stay overnight. Id. Thus, the court held that
the evidence did not establish that the defendant’s “subjective expectation of privacy
was one that society was prepared to recognize as objectively reasonable under the
circumstances.” Id. 
          In this case, there was evidence that appellant had neither a property nor a
possessory interest in the apartment. For example, appellant testified that he did not
have legal rights to the apartment, did not live there, and did not sleep there. He
testified that he was just a “casual visitor” and was only “hanging out.” In support,
he offered into evidence the apartment lease, which showed that the apartment was
leased to and occupied by someone else. According to appellant’s own testimony that
he did not “spend the night” in the apartment, appellant was not an overnight guest.
          Defense counsel asked the trial court to ignore appellant’s testimony and “make
a decision on standing based on the State’s witness.” Specifically, the officer testified
that, during the search, appellant had identified a bedroom as his own and a coat
hanging in the bedroom closet as his own. The officer testified, “I asked [appellant]
if that was his bedroom; and he said yes.” Defense counsel argued that the officer’s
testimony was evidence to support that appellant was more than just a “casual
visitor.” 
          The trial court, as the sole trier of fact at the motion to suppress hearing, was
free to believe or disbelieve any or all of the witnesses’ testimony. See Johnson v.
State, 871 S.w.2d 744, 748 (Tex. Crim. App. 1994). The trial court was free to
believe appellant’s testimony that he did not live in the apartment, did not spend the
night there, and was not an overnight guest. The court was free to resolve any
conflict by discounting appellant’s hearsay statements during the search as reported
by the officer. The trial court, therefore, did not err in ruling that appellant lacked
standing to challenge the search of the apartment. Accordingly, we hold that the trial
court did not abuse in discretion in denying the motions to suppress. 
          We overrule the sole point of error.
Conclusion
          We affirm the judgments of the trial court.
 
 
                                                                                  Adele Hedges
                                                                                  Justice
Panel consists of Justices Hedges, Keyes, and Evans.


 
Do not publish. Tex. R. App. P. 47.