**Lawrence Raymond HEAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–01–722–CR.

Court of Appeals of Texas,
Corpus Christi.

July 3, 2002.

Jerry Holmes, Nederland, for appellant.

Rodney D. Conerly, Asst. Criminal District Attorney, Tom Maness, Criminal District Attorney, Wayln G. Thompson, Asst. District Attorney, Beaumont, for the State.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, Lawrence Raymond Head, was indicted for the offense of aggravated possession of a controlled substance. The trial court denied his motion to suppress the evidence obtained through an alleged unlawful search. Head subsequently entered a plea of guilty and was sentenced to forty years in the Institutional Division of the Texas Department of Criminal Justice. By two points of error, Head contends the trial court erred in denying his motion to suppress. We affirm.

## I. FACTS

On August 10, 2000, narcotics officers in Cerritos, California, found a suspicious package while monitoring a United Parcel Service (UPS) shipping center. A K–9 drug dog alerted on the package in question. The package was addressed to Rico Brown in Beaumont, Texas. The officers did not open the package, but instead informed the Beaumont police of the incoming package. The Beaumont police department made plans to perfect a controlled delivery to the intended recipient, Rico Brown.

When the package arrived, the officers brought in a K–9 drug dog. However, the dog did not alert on the box. Because the officers were under time constraints as the package had a guaranteed delivery time,

they opted to open the box without first obtaining a search warrant. The officers found the suspected narcotics and resealed the package.

An officer dressed as a UPS delivery person proceeded to deliver the package. Head accepted the package by signing the name Rico Brown.[1] Shortly after the package was delivered, Head left the house with the suspected narcotics. The police subsequently pursued Head and he was arrested.

## II. STANDARD OF REVIEW

In a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *See State v. Ballard,* 987 S.W.2d 889, 891 (Tex. Crim.App.1999). We afford almost total deference to a trial court's findings of facts that the record supports, especially when the findings are based on an evaluation of credibility and demeanor. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997); *Martinez v. State,* 29 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Usually, a trial court's ruling on a motion to suppress is reviewed by an abuse of discretion standard. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). However, because the issues in this case do not involve a disagreement about facts or the credibility of a witness, but rather questions of law based on undisputed facts, we review the trial court's ruling *de novo. See State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Oles,* 993 S.W.2d at 106; *Guzman,* 955 S.W.2d at 89.

## III. ANALYSIS

In his first point of error, Head contends the trial court erred by ruling that

---

1. The record shows that the location to which the package was addressed and Head's address were not the same. There is no evidence in the record indicating who lived at the address the package was sent to, or why Head was there.

he had no standing to complain about the warrantless search and seizure of a package containing controlled substances. Specifically, he argues recipients of mail are afforded a right to privacy pertaining to their packages within the postal system.

Letters and sealed packages are in the general class of effects in which the public has a legitimate expectation of privacy and, therefore, unlawful search and seizures of mail are presumptively unreasonable under the protection of the Fourth Amendment. *United States v. Jacobsen,* 466 U.S. 109, 114, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). However, Fourth Amendment rights are personal rights that cannot be vicariously asserted by a third party. *Rakas v. Illinois,* 439 U.S. 128, 133, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Calloway v. State,* 743 S.W.2d 645, 651 (Tex.Crim.App.1988). Therefore, a person who is injured by an unlawful search of another person's property has not had any of his Fourth Amendment rights infringed. *Rakas,* 439 U.S. at 134, 99 S.Ct. 421. In addition, for an accused to have standing to complain about an unlawful search and seizure, a two-prong requirement must be met. First, the accused must show that he had a legitimate expectation of privacy with respect to the object searched. *Granados v. State,* 85 S.W.3d 217, 222–23 (2002); *Calloway,* 743 S.W.2d at 651. Second, there are several factors a court may consider when determining if the legitimate expectation of privacy is reasonable: 1) whether the aggrieved person has a property or possessory interest in the thing searched; 2) whether he was legitimately on the premises; 3) whether he had complete dominion or control and the right to exclude others; 4) whether, prior to the search, he took precautions customarily taken by those seeking privacy; 5) whether the property was put to private

use; and 6) whether the claim of privacy is consistent with historical notions of privacy. *Granados,* 85 S.W.3d at 223; *Calloway,* 743 S.W.2d at 651.

Head asserts that he has a legitimate expectation of privacy in the parcel because he signed for the package when it was delivered and stated that he was indeed Rico Brown when asked by the undercover officer. When an item is sent in a sealed package through a third party carrier it can be inferred from the standard set forth in *Jacobsen* that the sender and the receiver legitimately expect they will be afforded a right to privacy as to what is contained in the package. *See Jacobsen,* 466 U.S. at 114, 104 S.Ct. 1652.

In this case, the parcel in question was boxed and sealed with tape at the time that it was sent, which would give rise to a legitimate expectation of privacy by the sender and receiver of the package. *See id.; Calloway,* 743 S.W.2d at 651. However, the receiver of this parcel, as stated on the package, was Rico Brown, not Head. Therefore, Head is a third party to the package in question. *See Rakas,* 439 U.S. at 133, 99 S.Ct. 421. For Head to have standing he would have to prove that he also had a legitimate expectation of privacy concerning the parcel and its contents. *See id.* at 133–34, 99 S.Ct. 421. Aside from the fact that Head accepted and signed for the package as Rico Brown, the record is void of any evidence given by Head that he and Rico Brown are the same person. If anything, the record suggests the opposite. The record, for example, shows that the destination address for the parcel was not Head's residence. Head has failed to carry his burden to prove he had an actual legitimate expectation of privacy in this case. *See Calloway,* 743 S.W.2d at 650. Because Head has failed to satisfy the first requirement for

standing, we find that the trial court did not err by denying his motion to suppress. Head's first point of error is overruled.

By his second point of error, Head alleges the trial court erred by allowing the controlled substances into evidence because they were the fruits of an unlawful search. Because of our disposition of Head's first point of error, we need not address this remaining point of error. *See* TEX.R.APP. P. 47.1.

Accordingly, we affirm the trial court's judgment.