GALINDO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-039-CR

ALFREDO GALINDO, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from appellant’s conviction for possession of a controlled substance, “Ecstasy,” with intent to deliver by a Tarrant County jury
.
(footnote: 2)  The court assessed appellant’s punishment at twenty-five years in the Institutional Division of the Texas Department of Criminal Justice.  In four points, appellant challenges the trial court’s denial of his motion to suppress the seized contraband, the court’s denial of a requested instruction on a lesser included offense, and the court’s admission of irrelevant and extraneous conduct evidence.  We affirm.

Facts

Appellant’s co-defendant, John Lapitsky, testified that in 2000 he had rented a private mail box, Box 217, from an Arlington Mail Boxes Etc. at appellant’s request.  He put the box in the name “N-TEC” or “N TEX.”  Later, in November 2000, a customs agent from Chicago notified a local customs agent that he had intercepted two packages containing 987 Ecstasy pills addressed to Box 217.  The packages were then sent to a United States Postal Inspector in the Dallas/Fort Worth area in order to conduct a controlled delivery.  The local inspector held the packages at the United States Melear Post Office Station in Arlington, and contacted Lapitsky to pick up the packages.  On November 28, when Lapitsky picked up the packages, he was arrested.  Lapitsky subsequently agreed to become an informant for the Arlington Police Department and help the police with a controlled delivery to appellant.

In December another set of packages arrived at the Melear Post Office in Arlington from Belgium.  These were turned over unopened to the local inspector, who noted that they were addressed to the same post office box and in care of “N-TEC” but addressed to five different individuals at N-TEC. To assist the police with a controlled delivery, Lapitsky set up the delivery with appellant, allowed himself to be wired with recording equipment, and picked up appellant to drive to the Arlington Mail Boxes Etc.  When they arrived, appellant said he had to stay in the car with his girlfriend’s young son, whom he had brought along.  Lapitsky went inside the facility, retrieved four packages, returned to the car, and handed appellant the packages.  As he started backing up the car, they were both arrested.  The packages were found on the floorboard below where appellant had been seated, and the key to post office box was found on the ground near appellant.  A jury found appellant guilty of possession with intent to deliver, and the court sentenced him to twenty-five years’ imprisonment and a $15,000 fine.

Points on Appeal

In points one and two, appellant challenges the admissibility of the contraband against him.  He contends the trial court erred in concluding that he had no standing to challenge its admissibility and that the seizure was a legal warrantless search.  In his third point, he contends the court erred in denying his request for an instruction on the lesser included offense of attempted possession.  And in his fourth point, he says the court erroneously admitted extraneous conduct evidence.

The Search and Seizure

Pre-trial appellant moved to suppress the evidence, objecting to the warrantless seizure of the drugs at Mail Boxes Etc. and the pre-delivery search and seizure of the four packages by the postal inspector and customs agent.  The trial court denied his motion and found that appellant had failed to establish standing to contest the seizure of the contraband, that the mail containing the contraband was not addressed to appellant, and that appellant had no expectation of privacy because the mailbox to which the packages were sent was not under appellant’s sole control.

Expectation of privacy in the object to be searched is key to raising a suppression issue, 
Rakas v. Illinois
, 439 U.S. 128, 140, 99 S. Ct. 421, 428-29 (1978), and there can be no expectation of privacy in mail addressed to someone else.  
United States v. Pierce
, 959 F.2d 1297, 1303 (5
th
 Cir.), 
cert. denied
, 506 U.S. 1007 (1992).  Additionally, the party asserting the privacy expectation has the burden of proof.  
Voyles v. State
, 133 S.W.3d 303, 305 (Tex. App.—Fort Worth 2004, no pet.); 
McArthur v. State, 
1 S.W.3d 323, 329 (Tex. App.—Fort Worth 1999, pet. ref’d), 
cert. denied, 
531 U.S. 873 (2000).  Even though appellant had the only key, he did not always keep it exclusively to himself; he allowed others (i.e., Lapitsky) to use the key, so appellant did not actually have exclusive control over the mail sent to the box.  Further, all the packages were addressed to individuals other than appellant, obviating the expectation of privacy.  
See Pierce
, 959 F.2d at 1303.  Thus, we agree with the trial court’s conclusion that appellant did not have standing to challenge the search and seizure of the packages.  Appellant’s first point is overruled.   

Because we hold that appellant lacked standing to challenge the legality of the search, we also overrule appellant’s second point, which is a challenge to the search of the packages. 
 See Rakas
, 439 U.S. at 140, 99 S. Ct. at 428-29
; Pierce
, 959 F.2d at 1303; 
Head v. State
, 82 S.W.3d 735, 738 (Tex. App.—Corpus Christi 2002, pet. ref’d).

Lesser Included Offense Instruction

In his third point, appellant complains about the trial court’s failure to submit an instruction to the jury that he requested on the lesser included offense of possession.  Possession of 400 grams or more of Ecstasy (MDMA) with intent to deliver is punished under the health and safety code as a first-degree felony.  
Tex. Health & Safety Code Ann.
 § 481.113(e) (Vernon 2003).  Attempted possession coupled with intent to deliver is a second-degree felony.  
Tex. Penal Code Ann.
 § 15.01(d) (Vernon 2003).  Attempt is an act that amounts to more than mere preparation but fails to effect the commission of the offense.  
Id.
 § 15.01(a).  Appellant requested an instruction on “attempted possession,” but attempted possession is a lesser included offense of possession alone, not possession with intent to deliver.  
See 
Tex. Code Crim. Proc. Ann. 
art. 37.09(4) (Vernon 1981).

To be entitled to a lesser included offense instruction, the lesser offense must be included within the proof necessary to establish the offense charged, and there must be some evidence that would have allowed the jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense.  
Rousseau v. State
, 855 S.W.2d 666, 673 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993).  Appellant points to no evidence that would justify such a conclusion.  Instead, appellant complains about the believability of the State’s witnesses.  

Credibility of the State’s witnesses is not the same as affirmative evidence of only the lesser crime. 
 Hampton v. State
, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).  Even if it were, appellant would have been entitled to an instruction on attempted possession with intent to deliver, not just attempted possession.  Thus, we cannot conclude that the trial court erred in denying this instruction.  Appellant’s third point is overruled.

Extraneous Conduct Evidence

Lastly, appellant complains that the trial court erred in admitting Drug Enforcement Agency Officer Timothy Stover’s testimony about the manufacture and distribution of Ecstasy in general and specifically about the use of Ecstacy at rave parties.

Stover’s testimony revealed information about the production and manufacturing costs of Ecstasy in Europe.  Additionally, he testified to the various methods that distributors and dealers use to get the drugs into this country.  He said about 32% of the drugs are smuggled through parcel services and that it is a common practice for the recipients to use fictitious names.  He also testified that the amount of pills appellant had in the four packages was inconsistent with personal use.

At trial, appellant made a global objection to Stover’s testimony, claiming it was irrelevant and prejudicial under rules 401 and 403 of the rules of evidence.  
Tex. R. Evid.
 401, 403.  He also contends on appeal that the recorded conversation between himself and Lapitsky describing his travels and his drug abuse were inadmissible under rule 404(b).  
Tex. R. Evid.
 404(b).

As to the recorded conversation with his co-defendant, appellant’s objection at trial does not comport with his argument on appeal and is therefore waived.  
See Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997)
; Butler v. State
, 872 S.W.2d 227, 237 (Tex. Crim. App. 1994), 
cert. denied, 
513 U.S. 1157 (1995)
.

As to his other objections, we review a trial court’s decision on the admissibility of the evidence under an abuse of discretion standard.  
See
 
Thornton v. State, 
994 S.W.2d 845, 854 (Tex. App.—Fort Worth 1999, pet. ref’d) (citing 
Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998)).  An erroneous admission of evidence at trial must be preserved with a timely and specific objection to the evidence.  
Moore v. State, 
935 S.W.2d 124, 130 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1219 (1997).  
The State contends that appellant did not preserve error on the points challenging the admission of Agent Stover’s testimony and background evidence on appellant because his objection was too global. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  
Further, the trial court must have ruled on the request, objection, or motion, expressly or implicitly, or refused to rule, and the complaining party objected to the refusal.  
Tex. R. App. P.
 33.1(a)(2);
 see also Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).
  
An objection preserves only the specific ground cited.  
Tex. R. App. P.
 33.1(a)(1)(A); 
Mosley,
 983 S.W.2d at 265; 
Bell
, 938 S.W.2d at54
; 
see also Fierro v. State
, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986) (a general objection is not sufficient to apprise trial court of complaint urged and thus preserves nothing for review), 
cert. denied
, 521 U.S. 1122 (1997).

Stover’s testimony covered many topics.  In particular, he described the manufacture and distribution of Ecstacy, going over its production, importation, distribution and
 
use.  He also covered the costs of production, its general wholesale values, and its ultimate street value.  He also testified to some of the more common methods of smuggling Ecstasy into the country and what amount would be consistent with personal use, as opposed to trafficking amounts.  He also described the physical and mental effects of the drug.

Appellant’s objection was two-fold: he claimed that the evidence was not relevant under rule of evidence 401 and that it lacked probative value so that its admission would cause undue prejudice under rule 403, exclusive of the testimony that would go to the issue of possession with intent to deliver.  However, nowhere does appellant point to which objection applies to which portion of the agent’s testimony.  Presumably, he contended at trial that all of it was inadmissible on one or another of the grounds.  At the same time, he concedes that some of the evidence was relevant to distribution of the drug. But he fails to identify which topics were admissible and which ones were not and on which particular objection he relies.  Thus, we conclude that he waived his objections to Stover’s testimony.  
See 
Tex. R. App. P.
 33.1(a)(1).  We overrule appellant’s fourth point.

Conclusion

Having overruled appellant’s points on appeal, we affirm his conviction.

 

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 30, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Ecstacy is included in Penalty Group two and is a 3,4 - methylenedioxy methamphetamine, including any adulterants or dilutants.  
Tex. Health & Safety Code Ann.
 § 481.103(a) (Vernon Supp. 2004-05).