COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-039-CR
  
  
ALFREDO GALINDO, JR.                                                        APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from appellant’s conviction for possession of a controlled 
substance, “Ecstasy,” with intent to deliver by a Tarrant County jury.[2]  The court assessed appellant’s punishment at 
twenty-five years in the Institutional Division of the Texas Department of 
Criminal Justice.  In four points, appellant challenges the trial court’s 
denial of his motion to suppress the seized contraband, the court’s denial of 
a requested instruction on a lesser included offense, and the court’s 
admission of irrelevant and extraneous conduct evidence.  We affirm.
Facts
        Appellant’s 
co-defendant, John Lapitsky, testified that in 2000 he had rented a private mail 
box, Box 217, from an Arlington Mail Boxes Etc. at appellant’s request.  
He put the box in the name “N-TEC” or “N TEX.” Later, in November 2000, 
a customs agent from Chicago notified a local customs agent that he had 
intercepted two packages containing 987 Ecstasy pills addressed to Box 
217.  The packages were then sent to a United States Postal Inspector in 
the Dallas/Fort Worth area in order to conduct a controlled delivery.  The 
local inspector held the packages at the United States Melear Post Office 
Station in Arlington, and contacted Lapitsky to pick up the packages.  On 
November 28, when Lapitsky picked up the packages, he was arrested.  
Lapitsky subsequently agreed to become an informant for the Arlington Police 
Department and help the police with a controlled delivery to appellant.
        In 
December another set of packages arrived at the Melear Post Office in Arlington 
from Belgium.  These were turned over unopened to the local inspector, who 
noted that they were addressed to the same post office box and in care of 
“N-TEC” but addressed to five different individuals at N-TEC.
        To 
assist the police with a controlled delivery, Lapitsky set up the delivery with 
appellant, allowed himself to be wired with recording equipment, and picked up 
appellant to drive to the Arlington Mail Boxes Etc.  When they arrived, 
appellant said he had to stay in the car with his girlfriend’s young son, whom 
he had brought along.  Lapitsky went inside the facility, retrieved four 
packages, returned to the car, and handed appellant the packages.  As he 
started backing up the car, they were both arrested.  The packages were 
found on the floorboard below where appellant had been seated, and the key to 
post office box was found on the ground near appellant.  A jury found 
appellant guilty of possession with intent to deliver, and the court sentenced 
him to twenty-five years’ imprisonment and a $15,000 fine.
Points on Appeal
        In 
points one and two, appellant challenges the admissibility of the contraband 
against him. He contends the trial court erred in concluding that he had no 
standing to challenge its admissibility and that the seizure was a legal 
warrantless search.  In his third point, he contends the court erred in 
denying his request for an instruction on the lesser included offense of 
attempted possession.  And in his fourth point, he says the court 
erroneously admitted extraneous conduct evidence.
The Search and Seizure
        Pre-trial 
appellant moved to suppress the evidence, objecting to the warrantless seizure 
of the drugs at Mail Boxes Etc. and the pre-delivery search and seizure of the 
four packages by the postal inspector and customs agent.  The trial court 
denied his motion and found that appellant had failed to establish standing to 
contest the seizure of the contraband, that the mail containing the contraband 
was not addressed to appellant, and that appellant had no expectation of privacy 
because the mailbox to which the packages were sent was not under appellant’s 
sole control.
        Expectation 
of privacy in the object to be searched is key to raising a suppression issue, Rakas 
v. Illinois, 439 U.S. 128, 140, 99 S. Ct. 421, 428-29 (1978), and there can 
be no expectation of privacy in mail addressed to someone else.  United 
States v. Pierce, 959 F.2d 1297, 1303 (5th Cir.), cert. denied, 
506 U.S. 1007 (1992).  Additionally, the party asserting the privacy 
expectation has the burden of proof. Voyles v. State, 133 S.W.3d 303, 305 
(Tex. App.—Fort Worth 2004, no pet.); McArthur v. State, 1 S.W.3d 323, 
329 (Tex. App.—Fort Worth 1999, pet. ref’d), cert. denied, 531 U.S. 
873 (2000).  Even though appellant had the only key, he did not always keep 
it exclusively to himself; he allowed others (i.e., Lapitsky) to use the key, so 
appellant did not actually have exclusive control over the mail sent to the 
box.  Further, all the packages were addressed to individuals other than 
appellant, obviating the expectation of privacy.  See Pierce, 959 
F.2d at 1303.  Thus, we agree with the trial court’s conclusion that 
appellant did not have standing to challenge the search and seizure of the 
packages.  Appellant’s first point is overruled.
        Because 
we hold that appellant lacked standing to challenge the legality of the search, 
we also overrule appellant’s second point, which is a challenge to the search 
of the packages.  See Rakas, 439 U.S. at 140, 99 S. Ct. at 428-29; Pierce, 
959 F.2d at 1303; Head v. State, 82 S.W.3d 735, 738 (Tex. App.—Corpus 
Christi 2002, pet. ref’d).
Lesser Included Offense Instruction
        In 
his third point, appellant complains about the trial court’s failure to submit 
an instruction to the jury that he requested on the lesser included offense of 
possession.  Possession of 400 grams or more of Ecstasy (MDMA) with intent 
to deliver is punished under the health and safety code as a first-degree 
felony. Tex. Health & Safety Code 
Ann. § 481.113(e) (Vernon 2003).  Attempted possession coupled with 
intent to deliver is a second-degree felony.  Tex. Penal Code Ann. § 15.01(d) (Vernon 
2003). Attempt is an act that amounts to more than mere preparation but fails to 
effect the commission of the offense. Id. § 15.01(a).  Appellant 
requested an instruction on “attempted possession,” but attempted possession 
is a lesser included offense of possession alone, not possession with intent to 
deliver.  See Tex. Code Crim. 
Proc. Ann. art. 37.09(4) (Vernon 1981).
        To 
be entitled to a lesser included offense instruction, the lesser offense must be 
included within the proof necessary to establish the offense charged, and there 
must be some evidence that would have allowed the jury to rationally find that 
if the defendant is guilty, he is guilty only of the lesser offense.  Rousseau 
v. State, 855 S.W.2d 666, 673 (Tex. Crim. App.), cert. denied, 510 
U.S. 919 (1993). Appellant points to no evidence that would justify such a 
conclusion.  Instead, appellant complains about the believability of the 
State’s witnesses.
        Credibility 
of the State’s witnesses is not the same as affirmative evidence of only the 
lesser crime.  Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. 
App. 2003).  Even if it were, appellant would have been entitled to an 
instruction on attempted possession with intent to deliver, not just attempted 
possession.  Thus, we cannot conclude that the trial court erred in denying 
this instruction. Appellant’s third point is overruled.
Extraneous Conduct Evidence
        Lastly, 
appellant complains that the trial court erred in admitting Drug Enforcement 
Agency Officer Timothy Stover’s testimony about the manufacture and 
distribution of Ecstasy in general and specifically about the use of Ecstacy at 
rave parties.
        Stover’s 
testimony revealed information about the production and manufacturing costs of 
Ecstasy in Europe.  Additionally, he testified to the various methods that 
distributors and dealers use to get the drugs into this country.  He said 
about 32% of the drugs are smuggled through parcel services and that it is a 
common practice for the recipients to use fictitious names.  He also 
testified that the amount of pills appellant had in the four packages was 
inconsistent with personal use.
        At 
trial, appellant made a global objection to Stover’s testimony, claiming it 
was irrelevant and prejudicial under rules 401 and 403 of the rules of 
evidence.  Tex. R. Evid. 401, 
403.  He also contends on appeal that the recorded conversation between 
himself and Lapitsky describing his travels and his drug abuse were inadmissible 
under rule 404(b).  Tex. R. Evid. 
404(b).
        As 
to the recorded conversation with his co-defendant, appellant’s objection at 
trial does not comport with his argument on appeal and is therefore 
waived.  See Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 
1996), cert. denied, 522 U.S. 827 (1997); Butler v. State, 872 
S.W.2d 227, 237 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1157 
(1995).
        As 
to his other objections, we review a trial court’s decision on the 
admissibility of the evidence under an abuse of discretion standard.  See 
Thornton v. State, 994 S.W.2d 845, 854 (Tex. App.—Fort Worth 1999, pet. 
ref’d) (citing Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 
1998)).  An erroneous admission of evidence at trial must be preserved with 
a timely and specific objection to the evidence.  Moore v. State, 935 
S.W.2d 124, 130 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1219 
(1997).  The State contends that appellant did not preserve error on the 
points challenging the admission of Agent Stover’s testimony and background 
evidence on appellant because his objection was too global.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  
Further, the trial court must have ruled on the request, objection, or motion, 
expressly or implicitly, or refused to rule, and the complaining party objected 
to the refusal.  Tex. R. App. P. 
33.1(a)(2); see also Taylor v. State, 939 S.W.2d 148, 155 (Tex. Crim. 
App. 1996).  An objection preserves only the specific ground cited. Tex. R. App. P. 33.1(a)(1)(A); Mosley, 
983 S.W.2d at 265; Bell, 938 S.W.2d at54; see also Fierro v. State, 
706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986) (a general objection is not 
sufficient to apprise trial court of complaint urged and thus preserves nothing 
for review), cert. denied, 521 U.S. 1122 (1997).
        Stover’s 
testimony covered many topics. In particular, he described the manufacture and 
distribution of Ecstacy, going over its production, importation, distribution 
and use. He also covered the costs of production, its general wholesale values, 
and its ultimate street value.  He also testified to some of the more 
common methods of smuggling Ecstasy into the country and what amount would be 
consistent with personal use, as opposed to trafficking amounts.  He also 
described the physical and mental effects of the drug.
        Appellant’s 
objection was two-fold: he claimed that the evidence was not relevant under rule 
of evidence 401 and that it lacked probative value so that its admission would 
cause undue prejudice under rule 403, exclusive of the testimony that would go 
to the issue of possession with intent to deliver.  However, nowhere does 
appellant point to which objection applies to which portion of the agent’s 
testimony.  Presumably, he contended at trial that all of it was 
inadmissible on one or another of the grounds.  At the same time, he 
concedes that some of the evidence was relevant to distribution of the 
drug.  But he fails to identify which topics were admissible and which ones 
were not and on which particular objection he relies.  Thus, we conclude 
that he waived his objections to Stover’s testimony.  See Tex. R. App. P. 33.1(a)(1).  We 
overrule appellant’s fourth point.
Conclusion
        Having 
overruled appellant’s points on appeal, we affirm his conviction.
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: September 30, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Ecstacy is included in Penalty Group two and is a 3,4 - methylenedioxy 
methamphetamine, including any adulterants or dilutants.  Tex. Health & Safety Code Ann. § 
481.103(a) (Vernon Supp. 2004-05).