

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00016-CR

**RUSSELL DONALD TINDELL, II,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 38822CR**

## MEMORANDUM  OPINION

In his sole issue on appeal, appellant, Russell Donald Tindell II, argues that the trial court erred in denying his motion to suppress.  Because we conclude that the record evidence supports the trial court's finding that Tindell abandoned a baggie of cocaine before the police announced an intention to search, we affirm.

# I. BACKGROUND

During the suppression hearing, Tindell stipulated to certain facts that were established in State's Exhibits 1, 2, and 3—the video of the traffic stop, the facts outlined in the prosecutor's PowerPoint presentation, and the police report. However, Tindell noted that the stipulation was "[s]ubject to the officer's clarifying testimony regarding police reports." In any event, the parties stipulated that the officer had reasonable suspicion to stop the truck in which Tindell was a passenger and that the officer had reason to continue the detention for investigative purposes.

While the video of the traffic stop played, Officer Abe Partington of the Waxahachie Police Department testified that he pulled over a truck on the evening of November 1, 2013. Tindell was a passenger in the truck and was ordered to stand by Officer Partington's patrol car. While Tindell was standing by the patrol car, Officer Partington noticed that Tindell moved his hand toward his pocket, an action confirmed by the video of the traffic stop. But, Officer Partington stated that the video did not show Tindell removing anything from his pocket. Later, Tindell is seen sitting on the curb with no other suspects near him.

Shortly thereafter, Officer Partington decided he had probable cause to search Tindell and instructed Tindell to stand up. Officer Partington testified that he watched Tindell as he stood up and that he did not see Tindell throw anything. Nevertheless, Officer Partington saw a bag of cocaine on the ground next to the curb where appellant

was standing.[1] Officer Partington denied searching Tindell before the cocaine was found; he also denied seeing Tindell abandon the cocaine. Officer Partington agreed that there was no possible way that Tindell could have abandoned the cocaine after he found out he was going to be searched and that only seconds passed between Officer Partington's announcement that he planned to search Tindell and the finding of the cocaine. On cross-examination, Officer Partington acknowledged that he did announce his plan to search Tindell before he saw the cocaine and that he did not know how the cocaine got there.

On re-direct, Officer Partington stated that he was looking directly at Tindell when he told Tindell that he was going to search him and that "nothing left [Tindell's] hands or his person when I approached him." Officer Partington was unsure exactly when Tindell abandoned the cocaine; however, he believed that the cocaine was abandoned prior to him instructing Tindell to stand.

At the conclusion of the testimony, Tindell argued that the cocaine had been abandoned in the *Hawkins* context and that the abandonment was involuntary because it was the product of police misconduct. *See generally Hawkins v. State*, 758 S.W.2d 255 (Tex. Crim. App. 1988). In essence, Tindell asserted that he abandoned the cocaine in light of the announced pending search of his person. In response, the State argued that the video and testimony from Officer Partington supported a reasonable inference that Tindell abandoned the cocaine prior to the announced search. The State further argued that no

---

[1] Lab tests revealed that the bag contained 3.17 grams of cocaine.

facts supported Tindell's position that the cocaine was abandoned as a direct result of police misconduct.

Ultimately, the trial court denied Tindell's motion to suppress. Thereafter, Tindell entered a plea of guilty and preserved his right to appeal only the trial court's suppression ruling.[2] The trial court entered findings of fact and conclusions of law, and this appeal followed.

## II.    STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *see Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Therefore, we give almost total deference to the trial court's rulings on: (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App.

---

[2] The trial court deferred a finding of guilt and placed Tindell on community supervision for a term of five years with a $1,000 fine.

2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Johnson*, 68 S.W.3d at 652-53.

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *Kelly v. State*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818-19. We then review the trial court's legal ruling de novo, unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 819.

### III.     ANALYSIS

On appeal, Tindell contends that he suffered a violation of his Fourth Amendment right to be free from an unreasonable search, asserting that he abandoned the contraband only because of improper police conduct. *See* U.S. CONST. amend. IV. In support of this contention, Tindell relies heavily on the Court of Criminal Appeals's decision in *Hawkins*. *See* 758 S.W.2d at 257. Specifically, the *Hawkins* Court mentioned that:

> The general rule in Texas with respect to abandoned property has been that when police take possession of abandoned property, there is not a seizure under the Fourth Amendment.
>
> However, in *Comer* . . . this Court recently distanced itself from the aforementioned line of cases and held that to resolve abandonment issues there must be a determination of whether the accused voluntarily abandoned the property independent of any police misconduct. *Comer* . . . thus establishes the following standard for reviewing

abandonment cases: 1) the defendant must intend to abandon property, and 2) a defendant must freely decide to abandon property; the decision must not merely be the product of police misconduct.

*Id.* at 257-58 (internal citations & quotations omitted).

In the instant case, the sole issue before the trial court was whether Tindell voluntarily abandoned the cocaine he possessed or whether he abandoned it in response to Officer Partington's announcement that Tindell would be searched.

> "[A]bandonment is primarily a question of intent to be inferred from words spoken, acts done, and other objective facts and relevant circumstances, with the issue not being in the strict property-right sense, but rather whether the accused had voluntarily discarded, left behind, or otherwise relinquished his interest in the property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search."

*Pollard v. State*, 392 S.W.3d 785, 798 (Tex. App.—Waco 2012, pet. ref'd) (quoting *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997)). "[T]he burden of establishing a legitimate expectation of privacy is upon the defendant." *Id.* at 797 (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988)).

In its findings of fact and conclusions of law, the trial court stated the following, among other things:

> 7. The Defendant was told to stand by the patrol car. On the video[,] the Defendant can be seen moving his hand toward his left pocket, hesitating, and then moving his hand away. The Court finds that a reasonable inference exists that the Defendant was considering abandoning the contraband at that time.
>
> 8. The Defendant is then told to sit on the curb next to where he is standing.

9. A short amount of time goes by and officers turn their attention back to the Defendant by asking him to stand up so that he could be searched. At the same time[,] an officer observed a baggie of cocaine on the ground in front of the Defendant. The Defendant stated that the baggie of cocaine was his.

10. The officers were watching the Defendant from the time they told him to stand up so that he could be searched. The officers did not see the Defendant discard anything at that time.

11. The Defendant was not searched before the discovery of the abandoned cocaine.

12. The Court finds that, based on reasonable inferences, credible testimony[,] and the totality of the evidence, the Defendant abandoned the cocaine before officers told him he would be searched. The Court finds that the Defendant freely and voluntarily abandoned the contraband.

13. The Court finds that the Defendant did not abandon the contraband in response to unlawful police conduct. The Court finds that the Defendant's decision to abandon the contraband was not a direct result of police misconduct and there was no evidence presented to support such a claim.

A review of the video of the traffic stop shows that Tindell moved his hand toward his left pocket, hesitated, and then moved his hand away. We agree with the trial court that this act supports a reasonable inference that Tindell was considering abandoning the cocaine at that time. *See McDuff*, 939 S.W.2d at 616; *see also Pollard*, 392 S.W.3d at 798. And while he did not see Tindell actually abandon the cocaine, Officer Partington testified that he instructed Tindell to stand up; he watched Tindell stand up; and he did not see Tindell throw anything after being instructed to stand up. Nevertheless, officers found cocaine on the ground next to the curb where Tindell was standing. Additionally,

Officer Partington agreed that there was no possible way that Tindell could have abandoned the cocaine after he found out he was going to be searched. In fact, Officer Partington stated that he believed that Tindell abandoned the cocaine prior to being instructed to stand up.

Like the trial court, we conclude that the aforementioned facts give rise to a reasonable inference that Tindell voluntarily abandoned the cocaine prior to being instructed to stand up for a search. *See McDuff*, 939 S.W.2d at 616; *see also Pollard*, 392 S.W.3d at 798. Nevertheless, Tindell appears to argue that because Officer Partington did not actually see Tindell abandon the cocaine, a reasonable inference of voluntary abandonment cannot be made. This is not what is required to demonstrate abandonment, especially considering that abandonment can be inferred from words spoken, acts done, and other objective facts and relevant circumstances. *See McDuff*, 939 S.W.2d at 616; *see also Pollard*, 392 S.W.3d at 798. And to the extent that Tindell argues that Officer Partington's failure to see the exact moment that Tindell abandoned the cocaine somehow undermines his testimony, we note that the trial court's rulings on questions of historical fact that turn on the credibility and demeanor of witnesses are given almost total deference. *See Amador*, 221 S.W.3d at 673; *Montanez*, 195 S.W.3d at 108-09; *Johnson*, 68 S.W.3d at 652-53. Additionally, it is also worth mentioning that Tindell has not presented evidence demonstrating that his decision to abandon was a direct result of police misconduct. *See Hawkins*, 758 S.W.2d at 257-58. Accordingly, we cannot say that Tindell

carried his burden of establishing a legitimate expectation of privacy in the baggie of cocaine. *See Villarreal*, 935 S.W.2d at 138; *Calloway*, 743 S.W.2d at 650; *see also Pollard*, 392 S.W.3d at 797.

Therefore, given that we view the evidence in the light most favorable to the trial court's ruling and that we give almost total deference to the trial court's findings of historical fact, we cannot say that the trial court erred in denying Tindell's motion to suppress. *See Amador*, 221 S.W.3d at 673; *see also Wiede*, 214 S.W.3d at 24; *Kelly*, 204 S.W.3d at 818. We overrule Tindell's sole issue on appeal.

### IV. CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 24, 2015
Do not publish
[CR25]

