# NO. 12-19-00296-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *A'MARIO MARTEL GEBERKIDAN,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A'Mario Martel Geberkidan appeals his conviction for possession of a controlled substance. In two issues, Appellant challenges the sufficiency of the evidence and the trial court's failure to hold a hearing on his pretrial motion to suppress. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance, namely cocaine, in an amount less than one gram. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Lufkin Police Department narcotics investigator Quintin McClure was watching the parking lot of Seven Star Grocery. He saw a man lean into Appellant's car window and appear to complete a hand to hand transaction[1] with him. McClure approached the car and smelled a strong odor of marijuana. Appellant had $269.00 on his lap, which he immediately began to put away.

Investigator McClure detained Appellant and conducted a probable cause search of the car based on the marijuana odor. During the search, he found a prescription pill bottle containing

---

[1] Investigator McClure described a "hand to hand narcotics transaction" as "a shake of the hand and another hand reached with what appeared to be U.S. currency handed over and some other kind of substance taken back."

a strong marijuana odor, a jar containing a spicy smell like K2, a digital scale of the type commonly used to weigh narcotics for sale, and another pill bottle containing a white powdery substance. The substance was laboratory tested and determined to be cocaine.

Ultimately, the jury found Appellant "guilty" as charged. The trial court assessed Appellant's punishment at confinement in a state jail facility for twenty-three months. This appeal followed.

<u>EVIDENTIARY SUFFICIENCY</u>

In Appellant's first issue, he argues that there is insufficient evidence that cocaine was found in his car and that he knowingly possessed it.

**Standard of Review and Applicable Law**

The *Jackson v. Virginia*[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2686-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S. W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge

---

[2] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed 2d 642 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

To prove Appellant guilty of possession of a controlled substance as charged in this case, the State was required to prove that he intentionally or knowingly possessed cocaine in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (b) (West 2017); 481.102(3)(D) (West Supp. 2019).

## Analysis

Appellant first argues that the evidence is insufficient to sustain his conviction because there is insufficient evidence that any cocaine was found. In support of his argument, Appellant notes that the laboratory report indicates the weight of the substance was "0.01 g (+/- 0.01 g)." He contends that because the margin of error is +/- 0.01 g, the evidence supports a finding that 0.00 g of cocaine was found. Consequently, Appellant argues the jury could not have found that any cocaine was present beyond a reasonable doubt. We disagree.

The record contains sufficient evidence that cocaine was found. Investigator McClure testified that he found a pill bottle that contained a white powdery substance. The lab report states that it received "[o]ne zipper-sealed blue and colorless plastic bag containing white solid material," tested one sample, and confirmed the presence of cocaine. Although the lab report's margin of error arguably supports a finding that no substance was present, the jury could also reasonably find based on the evidence that a substance—namely, cocaine—was present. *See **Brooks***, 323 S.W.3d at 899; *see also **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789, 2793. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that cocaine was found in Appellant's car. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Brooks***, 323 S.W.3d at 899.

We further conclude the evidence that cocaine was found is sufficient despite Appellant's citation of ***Greer v. State.*** 163 Tex. Crim. 377, 292 S.W.2d 122 (Tex. Crim. App. 1956). In

*Greer*, the court of criminal appeals held that the Uniform Narcotics Act did not authorize a conviction for possession of a small, wet piece of cotton with a trace of heroin. *Id.*, 163 Tex. Crim. at 378, 292 S.W.2d at 122. Assuming Appellant's argument is that his conviction is likewise unauthorized because the amount of cocaine he possessed was small, his argument fails for two reasons. First, he was convicted not under the Uniform Narcotics Act but under the Texas Controlled Substances Act. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.001 (West 2017). Furthermore, the court of criminal appeals has upheld convictions for possession of similarly small amounts of a controlled substance. *See King v. State*, 895 S.W.2d 701, 704 (Tex. Crim. App. 1995) (when quantity of substance possessed is so small it cannot be measured, record must contain evidence other than mere possession to prove defendant knew it was a controlled substance). Therefore, we conclude that the cocaine's small amount alone does not render the evidence of its existence insufficient. *See id.*

Appellant further argues that the evidence is insufficient to show he knowingly possessed the cocaine. In support of his argument, Appellant observes that he did not admit possession of the cocaine when he was arrested and Investigator McClure did not know who put the cocaine in the car's trunk. He contends there are insufficient links to justify an inference of his knowing possession because only three or four factors from a nonexclusive list of factors that could support such an inference are present in this case. *See Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016). We disagree.

A nonexclusive list of factors relevant to knowing possession—or "affirmative links"—includes (1) the defendant's presence during the search, (2) whether the contraband was in plain view, (3) the contraband's proximity and accessibility to the defendant, (4) whether the defendant was under the influence of narcotics, (5) whether the defendant possessed other contraband, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia was present, (11) whether the defendant owned or had the right to possess the place where the contraband was found, (12) whether the place where the drugs were found was enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the conduct of the defendant indicated consciousness of guilt. *Id.* Although these factors can help guide a court's analysis, the ultimate inquiry remains that set forth in *Jackson*—whether, based on the

4

combined and cumulative force of the evidence and any reasonable inferences therefrom, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.*; *Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2781.

The evidence in this case includes several factors linking Appellant to the cocaine. First, Investigator McClure witnessed what appeared to be a hand to hand narcotics transaction between Appellant and another person in a parking lot known for narcotics transactions. Second, when McClure approached Appellant's car, he noticed a "very, very strong odor of marijuana" emanating from the window. Third, $269.00 in cash was on Appellant's lap when McClure approached, and Appellant immediately tried to put it away. Fourth, the car was registered to Appellant, he was the only person in it at the time, and he told McClure that everything in the car was his. Fifth, in addition to the bottle containing the cocaine, McClure found a digital scale of the type typically used to weigh narcotics that was "essentially covered in a white, powdery substance" that field tested positive for the presence of cocaine, a pill bottle that smelled like marijuana, a jar that smelled like K2, and $4,269.00 cash.[3] Sixth, during a civil asset forfeiture proceeding regarding the cash that was found, Appellant testified that the cocaine must have been old cocaine left over from when he was previously involved with it. Based on the combined and cumulative force of this evidence and the reasonable inferences therefrom, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that Appellant knowingly possessed the cocaine. *See id.*; *see also* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (b); 481.102(3)(D). Accordingly, we overrule Appellant's first issue.

## LACK OF SUPPRESSION HEARING

In Appellant's second issue, he argues that the trial court erred by failing to hold a hearing on his pretrial motion to suppress. Alternatively, he argues that his trial counsel was ineffective for failing to have a suppression hearing.

**Applicable Law**

The question of whether to hold a hearing on a pretrial motion to suppress evidence rests within the discretion of the trial court. TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1 (West 2006); *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). Even if a pretrial motion to

---

[3] The State told the jury in its opening statement that Investigator McClure found $4,269.00 in the car but failed to elicit direct testimony of that fact. However, the jury could infer that fact from testimony regarding the civil asset forfeiture proceeding.

suppress is called to the attention of the trial court, no error is presented if the trial court, in its discretion, declines to hear it. *Calloway*, 743 S.W.2d at 649.

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999).

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***Thompson***, 9 S.W.3d at 813. Appellant must prove both prongs of the ***Strickland*** test by a preponderance of the evidence in order to prevail. ***Tong***, 25 S.W.3d at 712.

**Analysis**

Before trial, Appellant filed a written motion to suppress the fact of his arrest, his statements to the police, the tangible evidence that was seized, and "[a]ny other matters that the Court finds should be suppressed upon hearing of this motion." In the motion, he alleged that the police violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9, 10, and 19 of the Texas Constitution by arresting him without a lawful warrant, probable cause, or any other lawful authority. *See* U.S. CONST. Amends. IV, V, VI, XIV; TEX. CONST. art. I, §§ 9, 10, 19. He further alleged that his statements were obtained in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article I, Sections 9, 10, and 19 of the Texas Constitution; and Article 38.22 of the Texas Code of Criminal Procedure. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2018). We find no indication in the record that Appellant requested a pretrial hearing on the motion. Moreover, he did not object to the evidence at the guilt/innocence trial.

At the sentencing hearing, Appellant moved the trial court to set aside the jury's verdict because (1) no marijuana was found to support the probable cause search of the car and (2) the State recently legalized hemp, and hemp smells like marijuana. The trial court denied the motion.

On appeal, Appellant first argues that the trial court erred by failing to hold a hearing on his motion to suppress. We disagree. The trial court had the sole discretion to hold or not hold a hearing on the motion to suppress. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1; ***Calloway***, 743 S.W.2d at 649. Especially given the vagueness of the written motion and the fact that Appellant apparently did not request a pretrial suppression hearing, we cannot conclude the trial court abused its discretion by failing to hold a hearing on the motion. *See id.*

Next, Appellant argues that his trial counsel was ineffective "for not having a hearing on the Motion to Suppress." He implies that his counsel should have raised in the pretrial motion to suppress the arguments he raised in the motion for instructed verdict. We cannot conclude that defense counsel was ineffective for these alleged failures.

An appellant has the burden of proving an ineffective assistance claim. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). To prove his counsel ineffective for failing to assert a motion to suppress, an appellant must prove that the motion had merit and would have changed the outcome of the case. *Id.* at 957. As the movant, he must produce evidence that defeats the presumption of proper police conduct. *Id.* The existence of questions about the validity of a search does not establish that the evidence should have been suppressed. *Id.* To prevail in his ineffectiveness claim, the appellant has the burden to develop facts and details of the search sufficient to conclude that the search was invalid. *Id.*

In this case, Appellant has not met his burden of proving his ineffective assistance claim. *See id.* at 956. First, he has not proved his counsel ineffective for failing to assert a motion to suppress based on the lack of marijuana found in the car. *See id.* at 957. A police officer may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband. *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). A strong odor of marijuana emanating from a car establishes probable cause to search the car and its occupants. *Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). When determining probable cause, we focus on the facts and circumstances known to law enforcement officials at the time of the search. *Wiede v. State*, 214 S.W.3d 17, 26 (Tex. Crim. App. 2007).

Here, Investigator McClure testified that he smelled a strong odor of marijuana emanating from Appellant's car. If true, that fact established probable cause to search the car. *See Rocha*, 464 S.W.3d at 418. While the fact that no marijuana was found during the search might weigh against a finding of probable cause, it does not conclusively negate the officer's testimony and force a conclusion that the search was invalid. *See Jackson*, 973 S.W.2d at 957. Because Appellant has not proved that a motion to suppress evidence on this basis has merit, he fails to meet his burden of proving ineffectiveness on this basis. *See id.*

Second, Appellant has not proved his counsel ineffective for failing to assert a motion to suppress based on the State's legalization of hemp. *See id.* The Legislature recently amended the definition of "marihuana" in the health and safety code to exclude "hemp," effective June 10, 2019. *See* Act of May 15, 2019, 86th Leg., R.S., ch. 764, § 8, 2019 Tex. Sess. Law Serv. 3982 (West) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.002(26) (West Supp. 2019)). Assuming Appellant's argument is that probable cause can no longer be supported by the

odor of marijuana because the same odor can emanate from legal hemp, we need not address the merits of his argument. The offense and search in this case occurred on March, 6, 2018, which predates the amendment's effective date of June 10, 2019. Because the amendment became effective after the search, it has no effect on the search's legality. *See* TEX. GOV'T CODE ANN. § 311.031(a)(1) (West 2013) ("revision, amendment, or repeal of a statute does not affect . . . the prior operation of the statute or any prior action taken under it"). Because Appellant has not proved that a motion to suppress evidence on this basis has merit, he fails to meet his burden of proving ineffectiveness on this basis. *See **Jackson***, 973 S.W.2d at 957.

For the reasons stated above, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-19-00296-CR**

**A'MARIO MARTEL GEBERKIDAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. 2018-0527)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*